## RAGLAND vs. KING'S ADM'R.

[SUPERSEDEAS OF FI. FA. AGAINST ADMINISTRATOR'S SURETIES.]

1. *Validity of grant of administration de bonis non.*—When a grant of letters of administration *de bonis non* is collaterally assailed as void, on the ground that the original administrator had neither died, resigned, nor been removed, a recital in the minutes of the facts necessary to sustain an order of removal, as the reason for the grant of administration *de bonis non*, will be held sufficient to uphold the validity of that grant : the action of the court will be construed as amounting to an order of removal, or the record will be considered amended so as to show a regular order of removal.

Ragland v. King's Adm'r.

APPEAL from the Probate Court of Talladega.

IN the matter of the estate of William King, deceased, on the petition of the appellants, who were the sureties of Solomon Spence, on his official bond as sheriff of Talladega county, to supersede and quash an execution, which had been issued against them, as such sureties, on a decree of said probate court against their principal, as administrator *de bonis non* of said King. The will of said King was admitted to probate, by the proper court in Talladega county, in June, 1840; and, at the same time, letters testamentary thereon were granted to Mrs. Martha King, the widow of the testator, jointly with John C. Calhoun. In September, 1841, Mrs. King having failed to renew her bond on the requisition of her sureties, D. A. Griffin, then sheriff of Talladega, was appointed administrator *de bonis non* of said King; the order for his appointment being in the following words:

"Whereas, William Montgomery and George L. Ragland, the sureties on the bond of John C. Calhoun and Mrs. Martha King, executor and executrix of William King's will, having notified the judge of this court that they were no longer willing to stand as such sureties; and the said judge having caused fourteen days notice to be given to said Martha King, (said Calhoun being dead,) to appear, and renew her said bond as such executrix, on the 15th September, instant, before this court; and the said Martha King failing and refusing so to do,—it is therefore ordered by the court, that David A. Griffin, sheriff of Talladega county, be, and he is hereby, appointed administrator *de bonis non*, with the will annexed, of the estate of said William King, deceased."

At the same time, Mrs. King, "late surviving executrix," was ordered to appear on the 1st Monday in October then next, and settle her accounts with said Griffin, "whom this court has this day appointed administrator of said King's

6

estate, in consequence of the failure of said Martha M. King to renew her bond."

On the 17th of March, 1842, Griffin's term of office as sheriff having expired, Solomon Spence, his successor as sheriff, was appointed and qualified as administrator *de bonis non* of King; and in May, 1845, his official term as sheriff having expired, said Spence was appointed administrator in his individual capacity. In December, 1848, letters of administration on said estate were granted to Joseph N. Savery, as coroner of the county; and in March, 1855, said Savery was re-appointed in his individual capacity. In May, 1855, a decree was rendered against Spence, as administrator in his official capacity, in favor of Savery, for $5,311 79; and an execution on this decree having been returned "no property found," another execution was thereupon issued against Spence and his sureties. The sureties then filed a petition, asking a *supersedeas* of this execution; insisting that their liability was barred by the statute of limitations, and that the grant of administration to Spence was void, because Mrs. King, the executrix, had neither died, resigned, nor been removed. The probate court sustained a demurrer to the petition, and dismissed the *supersedeas ;* and its decree is now assigned as error.

JAS. B. MARTIN, for appellants.

L. E. PARSONS, *contra.*

R. W. WALKER, J.—The questions which arise in this case are identical with those which have been considered and determined in the case of *Ragland v. Calhoun's Adm'r,* (36 Ala. 606,) except that, in addition to the defenses urged by the sureties in the latter case, the petitioners here assail the order for the appointment of Spence as administrator *de bonis non* of King, as void, upon the ground that Mrs. King, the original administratrix, had neither died, resigned, nor been removed, and that her administration was therefore still outstanding when Spence was appointed. Although there is no formal order for the removal of Mrs.

King, yet the facts necessary to sustain such an order are recited in the minutes, as the reason for the grant of administration to Spence; and with the view of sustaining the second grant of administration, when *collaterally assailed*, we think it is proper to consider the action of the court as amounting to the removal of the administratrix. If the validity of the subsequent proceeding could not be otherwise upheld, we would consider the record as having been amended, so as to show a regular order of removal. *Speight v. Knight*, 11 Ala. 461; *McLauren v. Thompson*, Dudley's Law R. 335; *State v. Mays*, 24 Ala. 204.

Decree affirmed.

A. J. WALKER, C. J., not sitting.