Cogburn, Adm'x, v. McQueen.

## COGBURN, Adm'x, *vs.* McQUEEN.

[ACTION ON BILL OF EXCHANGE.]

1. *Executor; what may not plead without alleging settlement, &c.*—No executor or administrator of a solvent estate can allege his resignation, removal, the revocation of his letters, or that his authority has ceased from any cause, in defense of an action, without an averment that he has settled his accounts, and delivered over the assets of the estate as required by law.

2. *Same; what good plea in bar.*—But a plea that before the commencement of the suit, his authority had ceased, the estate had been declared insolvent, and an administrator *de bomis non* was appointed, would bar an action.

3. *Judgment against representative of estate; when execution can not issue thereon.*—No execution can issue upon a judgment which is obtained against the representative, after a declaration of insolvency.

4. *Order removing administratrix; when will be presumed to have been made.* In a collateral proceeding, an order removing an administratrix will be presumed to have been made when a citation has been served on her to appear and renew her bond, or show cause why she should not be removed; and prior to the day appointed, she filed her accounts for a final settlement, and on the day set for the hearing, an administrator *de bonis non* was appointed, the settlement made, and a judgment for the balance in her hands rendered in favor of the administrator *de bonis non*.

(PECK, C. J., *dissenting*.)

APPEAL from the City Court of Montgomery.
Tried before Hon. THOS. M. ARRINGTON.

The suit was commenced by summons and complaint on the 20th day of April, 1868, and was founded on a bill of exchange for $1385.66; which was drawn by a John H. Cogburn, in his lifetime, on and accepted by one Carr, and indorsed by said Carr to John W. McQueen, the plaintiff in the court below. After the making of the bill of exchange, said John H. Cogburn died; and said Nancy Cogburn was duly appointed the administratrix of his estate; and in this character she is sued by McQueen, in this action. In answer to the complaint she pleaded seven pleas, by leave of the court. But it is only necessary to set out the fourth and fifth pleas, as it was upon the matter of these pleas that the cause principally turned on the trial. These pleas are in the following words, viz:

"4. And the said defendant saith that after the commencement of said suit, the said defendant, by the judgment of the probate court of Montgomery county, was removed from the administratorship of the estate of John H. Cogburn, and John C. Nicholson and H. C. Alford were appointed and qualified administrators *de bonis non* of said estate; and defendant avers that after said appointment, by the judgment and decree ·of said probate court, said estate was declared insolvent; and defendant avers that said decree still remained in full force, and that said estate was at the time of the rendition of said decree, and is now insolvent, and that all the assets of said estate were not, and are not sufficient to pay the debts of said estate; and defendant avers that after said decree of insolvency was rendered, the said John C. Nicholson and Hamlin C. Alford were continued by said probate court as administrators of said insolvent estate."

" 5. And the said defendant saith, that after commencement of said suit, the said defendant, by the action of the probate court of Montgomery county, ceased to be the administratrix of the estate of John H. Cogburn, and John C. Nicholson and H. C. Alford were appointed and qualified administrators *de bonis non* of said estate, and defendant avers that after said appointment and acceptance thereof, by judgment and decree of said court, the said

estate was declared insolvent; and defendant avers that said decree still remains in full force, and that all the assets of said estate were and are insufficient to pay the debts thereof; and the defendant avers, that after said decree of insolvency was rendered, the said John C. Nicholson and H. C. Alford were continued by said probate court as administrators of said insolvent estate."

These pleas were demurred to by the plaintiff, but it does not appear that any special causes of demurrer were assigned. The demurrers were sustained; and the defendant went to trial upon other pleas, which alleged, with more or less particularity, that the said Nancy Cogburn, as such administratrix as aforesaid, had "made a full and final settlement of her administration of the estate of the said John H. Cogburn, deceased, in the probate court of Montgomery county, and on said settlement there was found against her a balance in her hands of the sum of —— ——; and afterwards, to-wit, on the —— day of ——, John C. Nicholson and Hamlin C. Alford were appointed administrators *de bonis non* of the estate of the said John H. Cogburn in her stead, and duly qualified and took upon themselves the administration of said estate of said John H. Cogburn, and then and there, by the judgment and decree of said probate court, recovered a judgment against this defendant for the sum of —— —— dollars the balance found in her hands unadministered as aforesaid, whereby the said defendant was discharged of the further administration of the estate of the said John H. Cogburn, deceased." The evidence afforded by the record of the probate court of the settlement of Mrs. Cogburn, and the appointment of her successors, was rejected by the court below, as appears in the opinion of this court; she excepted, and there was a verdict and judgment against her. The other material facts of this case are so fully set forth in the opinion of the court as to make their repetition here useless. From the judgment of the city court Mrs. Cogburn appeals to this court, and relies upon the sustaining of said demurrers, and the rejection of the evidence offered by her in support of her pleas as errors.

36

MARTIN & SAYRE, for appellant.—Do these facts, set forth in the pleas, if established, constitute a defense to the action ?

If an administrator resigns, it is a defense to the action if the plea avers a full settlement of the estate ; and this provision was made upon the idea that the estate is solvent, and to prevent administrators from postponing judgments by repeated resignations, and upon the idea that all the property of a solvent estate is subject to the debts of the estate, whether in the hands of one administrator or the other ; and section 2284 gives the right to prosecute the suit against the succeeding administrators.—*Skinner v. Frierson et al.,* 8 Ala. 917. This is based on the idea that the resigning administrator is still administrator as to assets remaining in his hands.

It is optional with a plaintiff which part of the assets he will pursue.

He is seeking no recovery against a defendant personally, but only to charge the assets of the estate with the payment of his debt.

This burden of alleging that the assets have been turned over, is only applicable to resigning administrators. Section 2029 gives the judge of probate power to remove, and from the instant of removal he ceases to be administrator, not by his own act but by the act of the court. He is, after his removal, no more administrator than if he was dead; and the suit, unless revived against his successor, must abate.

The distinction between the cases is plain. A resigning administrator, by the express provision of law, is continued administrator, unless he complies with the law by making a full settlement, turning over all assets, &c.

His continuing liability is created by law, and would not exist but for the law.

There is no such provision as to administrators who cease to be such from any other cause. Against them a judgment is rendered personally in the probate court.—Rev. Code, § 2233.

But the 3d, 4th, 5th and 6th pleas, contain other allegations which amount to a full defense to the action.

That is, that the estate was decreed to be insolvent by the probate court of Montgomery county.

Sections 2207-8, of the Revised Code, authorize administrators, in the progress of any suit, to show that the estate had been declared insolvent—and although judgment may be rendered for the debt, it cannot be enforced by execution.—§ 2209.

It is immaterial to creditors of an insolvent estate, under whose administration it became so. If the conduct of the administrator has been such as to bring on the insolvency of the estate, that don't prevent the insolvency of the estate—and the question of the liability of the administrator declaring the estate insolvent, must be tried and ascertained upon the settlement made by him.

The effect of a judgment against an administrator is to render the assets of the estate in his hands subject to execution. The judgment against Mrs. Cogburn rendered any assets in her hands liable to execution.

The effect of a decree of insolvency is to prevent the assets of an estate from being subject to execution. The creditor can only obtain such dividend as may be allowed by the court.

All other appointments are revoked by the decree of insolvency, and the property of the estate is vested in the administrator then appointed.

Section 2238 must be controlled by section 2195. Section 2238 is only applicable to solvent estates. Section 2238 has reference only to proceedings under chapter 9—and that chapter has no reference to insolvent estates.

An estate can not be solvent as to one creditor, and insolvent as to another; and yet, if the judgment of the court be correct as to McQueen, the estate is solvent, and to all others it may be insolvent.

The 7th plea presents the simple question, that the estate of Cogburn was declared insolvent; that the claim sued on was due at the time when the estate was so declared, and

that said claim was not filed in accordance with law, within nine months after the rendition of the decree.

The court recognized by its action, the fact that she had ceased to be administrator; she, by making no objection, admitted it; and the successors recognized it by making application for letters of administration.

Whenever citation issues and no answer is made, and other administrators are appointed, it is presumed, although not shown by the records, that the proper action was taken by the court.

The object of the citation was to force the administratrix to make a new bond. The records do not show that any bond was given by her, or any reason for not giving it made. The necessary result was, that she must cease to be administratrix; and that she did cease to be administratrix, is abundantly shown by the appointment of successors, and the judgment in their favor against her.

The citation does not, upon its face, appear to be placed upon the petition filed by Nicholson; that petition may have aroused the suspicions of the judge, and have determined him to act in accordance with the power given him by sections 2029, 2030.

Under the authority conferred by these sections, the judge was not bound to assign any reasons, or to make any order in the premises; removal, or no removal, is the result.

The law does not designate what evidence of this result shall be furnished by the judge. But the records in this case furnish the highest and best evidence that action was taken.

Section 2014 of the Revised Code makes letters of administration, until revoked, conclusive evidence of the authority of the administrator. *Before* the Code, there was no such law.

Sections 2044, 2233, 2237, show that when an administrator is removed, a successor must be appointed, and a decree rendered in favor of the successor. All of which the record shows was done in this case.

The citation in the record is evidently based upon sec-

tion 2029, and the application of Nicholson was a sufficient cause or reason for the action of the judge.

The probate court is a court of general jurisdiction in the matter of the grant of letters of administration.— *Grey's Adm'r v. Cruik,* 36 Ala. 559.

The fact that there was no removal must be affirmatively shown ; and it will not be inferred that there was no removal, because the record does not show, in so many words, an order making the removal.—*Ikelheimer v. Chapman's Adm'r,* 32 Ala. 680 ; *ib.* 194, 195, 203, 207, 208.

The fact that the court appointed an administrator *de bonis non,* is of itself *prima facie* evidence that there was a vacancy in the administration, and will be held conclusive until it is clearly and explicitly disproved.—36 Ala. 563. And the record would be considered as amended, for the purpose of upholding the proceedings.—*Ragland v. King's Adm'r,* 37 Ala. 83 ; *Moseley's Adm'r v. Martin,* ib. 219 ; *Herbert v. Hancock,* 16 Ala. 591 ; *Speight v. Knight,* 11 Ala. 464.

The entry of record in the orphans court, that administration of an estate has been granted, is conclusive to show that all the pre-requisites of the law have been complied with.—*Eslava v. Elliott's Adm'r,* 15 Ala. 265.

*Matthews, adm'r, v. Douthitt et al.,* 27 Ala. 273, is in harmony with all these decisions.

This decision is to this extent only : that a decree of final settlement, and a discharge of the administrator, within eighteen months after grant of letters of administration, was void, and that, consequently, the appointment of an administrator *de bonis non* after such a decree, was void. The record shows, in such case, that there was no vacancy, and shows it affirmatively. And irregularities do not render the order void.—*Fields' Heirs v. Goldsby,* 28 Ala. 217.

In collateral attacks upon judgments of courts having general jurisdiction of the subject matter, the attacking party must show affirmatively that the court had no jurisdiction. For instance, if letters were granted on the estate of A, it might be shown, in a collateral proceeding,

that A was not dead.—*Miller v. Jones, adm'r,* 26 Ala. 259; *Coltart v. Allen,* 40 Ala. 156.

So, in this case, the question is not whether the record shows, in so many words, that Mrs. Cogburn was removed from her administration, but it is the fact, whether she was removed. Did she cease to be administratrix?—*Sims v. Boynton,* 32 Ala. 360; *Bradley v. Broughton,* 34 Ala. 705; *Clemens v. Walker et al.,* 40 Ala. 199.

The evidence of insolvency, excluded by the court, was clearly admissible under the pleas.

STONE, CLOPTON & CLANTON, *contra.*—Is the averment in a plea of the removal of an administrator by the probate court, without more, sufficient?

It is contended by the appellant's counsel, that the burden of alleging that the assets have been turned over to the succeeding administrator, is applicable only to *resigning* administrators. It is true that section 2297 of the Revised Code speaks only of resignation. But why is this? At the common law, an administrator could not resign, but could be removed. By section 2039, Revised Code, an administrator was authorized to resign, and, in this respect, there was a change of the common law; and then section 2279 was adopted to regulate his liability in suits pending at the time of his resignation; that is, he must, in his plea, accompany his allegation of his resignation with an averment, that he had settled the accounts, and delivered over the assets of the estate, &c.

There being no statute prescribing the necessary averments in a plea to a pending suit, in case of the removal of an administrator, the same material averments are required as at common law. At common law, in cases where the administration was revoked, pending the suit, although the revocation might be pleaded in discharge of the action, it was necessary for the plea to allege an administration of the effects, or that *they had been delivered to the succeeding administrator.*—*Driver v. Riddle,* 8 Por. 343. Section 2279 was designed to make, in the case of a resigning administrator, the same averments in the plea

necessary, which were necessary at common law in case of a removed administrator.

Hence, whether the plea avers a removal or resignation, or, in general terms, as in some of the pleas, that the defendant had ceased to be administratrix, it is defective, unless it also avers, either an administration of the effects, or, that they had been turned over as required by law.

Those pleas which do not show how the administration was terminated, whether by death, resignation or removal, are clearly defective. Pleas are always construed most strongly against the pleader. It is necessary for the plea to show that the administration was legally terminated, for that is the gravamen of the defense. The burden can not be cast upon the plaintiff to reply how the administration terminated. An administration can only be terminated by death, resignation, removal, or full administration and settlement; and, if the defendant seeks to avail himself of the termination of the administration as a defense to a pending suit, he must aver, specifically, how it terminated, so that the court can determine on the face of the plea whether it has terminated. In other words, the plea must contain every averment necessary to the validity of the defense.

Next. Is the declaration of insolvency a valid defense in this suit, and for this defendant, Mrs. Cogburn? Did the declaration of insolvency affect the issues between these parties?

The suit was commenced against Mrs. Cogburn whilst she was administratrix. There was no defense to the note sued upon—no denial that it was a valid claim against the estate. The issue, in whatever different forms presented, was, that pending the suit Mrs. Cogburn had been legally discharged from the administration, and was not liable to a judgment. This issue involved two enquiries: 1. Had she been removed? 2. Had she delivered the assets to the succeeding administrators? This issue did not involve the declaration of the insolvency of the estate by the succeeding administrators. It was an enquiry into the fullness and completeness of her alleged final settlement made

with the administrators *de bonis non*, and upon which settlement the creditors had no right to be heard, as they were not, and could not have been, parties to it. This suit was the only means by which McQueen, a creditor, could charge the administratrix personally, and the issue was, had the assets been administered *by her*, in due course of law ; not by the succeeding administrators. If she had administered them in due course of law, she was not personally liable ; if she had not, she was.

The object of a suit against an administrator is to obtain satisfaction, and the general effect of it is to charge the assets of the estate, but beyond this, the judgment has the effect, also, to charge the administrator personally, as well as his sureties, unless the assets are administered in due course of law. As an administrator can be made responsible only because of a debt due from his intestate, it is necessary to ascertain that fact by a suit against him as the representative of the estate, before he can be made personally liable."—*Skinner v. Frierson & Crow*, 8 Ala. 917. In the same case, it is held, that the plaintiff is not compelled to make the succeeding administrator a party, though it is his privilege to do so, if he chooses. He may proceed with his suit, although the resignation, (or removal, as the case may be,) is suggested and shown, unless the administrator shows, either a due administration or a transfer of all the assets to the succeeding administrator ; and that it is the right of the plaintiff to controvert these facts.

No one can plead the insolvency of the estate, except the acting administrator. This defense is purely statutory, and sections 2507 and 2208 speak of a suit against the executor or administrator. Nicholson and Alford were the administrators, and the estate was declared insolvent, by their application. It may have been insolvent in their hands, and not in the hands of Mrs. Cogburn. If it were otherwise, the outgoing and incoming administrators, by collusion, could defeat the creditor's rights.

It is not true that the judgment against Mrs. Cogburn would give McQueen a preference, as against the insolvent

estate, or interfere with the *pro rata* distribution of the assets. A judgment against Mrs. Cogburn, as administratrix, could not have the effect to charge the succeeding administrator. If McQueen desired to charge the assets of the estate in the hands of the succeeding administrators, the suggestion of the removal of Mrs. Cogburn should have been confessed, and the succeeding administrators made parties.—*Skinner v. Frierson & Crow*, 8 Ala. 819.

The judgment against Mrs. Cogburn, under the issue of her removal, and transfer of the assets to the succeeding administrators, has the object only to fix a personal liability upon her and her sureties. The same reasoning and authorities show, also, that the seventh plea presented an immaterial issue. Hence, we insist, that the demurrer to these pleas was properly sustained.

The most important question, however, involved in this case, and upon which depends the correctness of the charge given to the jury is, was the appointment of the administrators *de bonis non* void? We insist it was.

" It was essential to the validity of a grant of administration *de bonis non*, that the office should be vacant at the time of the appointment, by the death, resignation or removal of the preceding administrator."—*Rambo v. Wyatt's Adm'r*, 32 Ala. 363; *Matthews' Adm'r v. Douthitt and Wife*, 27 Ala. 273.

The validity of the grant of administration *de bonis non*, then, depends upon the *fact* of a vacancy.

The case of *Ikelheimer v. Chapman*, 32 Ala. 676, does not conflict with this principle, as asserted in the two cases above cited. This case decides that the jurisdiction of the probate court for the granting of letters of administration is original, unlimited and general; and hence it was not necessary that the order should recite any jurisdictional fact. The presumption is, the court had jurisdiction; but if it is made to appear by the records, or other legal proof, that there is no vacancy, then the court has no jurisdiction, and its action is invalid. This view harmonizes all the cases.

Had, then, Mrs. Cogburn been removed *at the time* Nich-

olson and Alford were appointed administrators *de bonis non?*

On the 23d day of February, 1867, Nicholson, as one of the sureties of Mrs. Cogburn, filed his petition to compel her to renew her bond.

In this respect, the probate court is a court of limited jurisdiction, and everything necessary to give it jurisdiction must appear upon the face of its proceedings.— *Gunn v. Howell*, 27 Ala. 663, and cases cited.

There is no application in writing, in the record, but the minute entry recites it, and the jurisdictional fact, as it is alleged in the application, is, that "his interest will be endangered by remaining on said bond." A moment's comparison will show that the fact alleged in the application does not comply with the statute, and is insufficient to give the court jurisdiction. The court being without jurisdiction, all subsequent proceedings are void, so far as based upon that application.

But admitting, for the sake of the argument, that the proceedings up to and including the citation were valid, yet we insist that the record shows there was no vacancy, upon the following facts :

1. No proceedings were had upon the application or citation subsequent to the issue of the citation. There never was any order of removal, or requiring an additional bond, or any action had by the court which amounted to the removal of Mrs. Cogburn. The proceedings to remove her were abandoned ; upon the filing of her account for a final settlement, they were prosecuted no farther.

2. Her final settlement was not tantamount to a removal. This is in no case the effect of a final settlement, by itself. The removal precedes the final settlement ; a final settlement is the consequence of a removal.—Revised Code, § 2232. A final settlement, without being preceded by a resignation or removal, is not a discharge of the administrator, unless there has been a full administration, and the estate is ready for distribution.

There was no proof, then, that any proceedings were

Cogburn, Adm'x, v. McQueen.

ever commenced to remove Nancy Cogburn, or that she has ever made a final settlement.

In the case of *Ragland v. King's Adm'r*, 37 Ala. 80, only a part of the record was in evidence—that portion which relates to the removal—and the minutes recited in the order, appointing the administrator *de bonis non*, the facts necessary to sustain an order of removal. The court considered this as amounting to a removal of the administratrix, and that they would consider the record as amended so as to show an order of removal. It is evident, that, in this case, the court, not controverting the principle established by former decisions, that, if there was no vacancy, the grant of administration *de bonis non* would be void, treated the question as a matter of *evidence* to ascertain whether there was a vacancy or not, and, upon the record before them, they would presume in favor of the action of the court ; the court, being for granting administration, a court of original jurisdiction, upon the general principle, that all proper intendments will be made in favor of the judgments of courts of original jurisdiction. But these intendments are not made, when the record affirmatively shows that the fact intended, does not exist. The rule is, that those facts, which are necessary to sustain the judgment, will be presumed, although they are not expressly alleged in the record, *provided the record contains terms sufficiently general to comprehend them in fair and reasonable intendment.*—1 Greenleaf on Ev. section 19 ; *Townsend v. Jeffreys*, 17 Ala. 276 ; *Murray & Durand v. Tardy,* 19 Ala. 710 ; *Laws v. Norris*, 28 Ala. 675. The record in evidence in the case of *Ragland v. King's Adm'r*, did contain terms sufficiently general to comprehend the fact of removal in fair and reasonable intendment ; and this was all, *in principle*, which the court decided. In the present case, the bill of exceptions states that all the record is before the court, and this record not only does not contain terms sufficiently general to comprehend the fact of removal in fair and reasonable intendment, but, on the contrary, affirmatively shows that there was no removal and no vacancy. In the case of *Ragland v. King*, the order of

appointing the administrator *de bonis non*, recited the facts necessary to sustain an order of removal, and thus there was enough in the record by which to amend. In the present case, the facts necessary to sustain an 'order of removal are not recited in the order appointing the administrators *de bonis non*, (page 261,) or any where else in the record, and hence, there are no terms from which to intend a removal, or by which to amend. Section 2014 only makes letters of administration conclusive evidence, when offered in a suit to show the right of the person to sue as such, and when granted by a court *having jurisdiction ;* but leaves for contest the question of jurisdiction.

For these reasons, we insist that the appointment of the administrator *de bonis non* was void, and the charge of the court is correct.

We further suggest, that the record shows that Mrs. Cogburn was appointed administratrix ; the presumption is, that she continues administratrix until the record also shows her resignation or removal.

When no evidence is before the court, but the *order* appointing an administrator *de bonis non*, then the court will pronounce that the probate court had jurisdiction to make the order. But, when the whole record is before the court, as in this case, and the record fails to show any resignation or removal, then no such presumption exists in favor of the jurisdiction. On the contrary, the presumption is in favor of the continued existence of the fact, that Mrs. Cogburn is administratrix.

B. F. SAFFOLD, J.—The appellant was sued by the appellee in 1866 on a bill of exchange, drawn by A. G. Carr, on, and accepted by her intestate, John H. Cogburn, payable twelve months after date to the order of Carr, who endorsed it to the plaintiff.

She pleaded seven pleas. Issue was joined on the first two, and a demurrer to the remainder was sustained. The bill was the evidence on the part of the plaintiff. The defendant introduced proceedings of the probate court, showing, among other things, her appointment as administratrix,

a citation to her, at the instance of Nicholson, one of her sureties, to give a new bond, the filing of her accounts for a final settlement, the appointment of Nicholson and Alford as administrators *de bonis non* of Cogburn's estate on the 20th of March, 1867, and the final settlement made by Mrs. Cogburn on the 25th of March, 1867. She next offered to prove that the administrators *de bonis non* had reported the estate insolvent, and it had been so declared; but the plaintiff objected, and the court excluded this evidence. There was evidence that Mrs. Cogburn had turned over to the administrators *de bonis non* the assets unadministered by her, but it was not shown how she ceased to be the administratrix.

No executor or administrator of a solvent estate can allege that he has resigned, or been removed, or that his letters have been revoked, or his authority has ceased from any cause, in defense to any action or proceeding, without an averment that he has settled his accounts, and delivered over the assets of the estate as required by law.—Revised Code, §§ 2279, 2238, 2232. But a plea, that before the commencement of the suit, his authority had ceased, the estate had been declared insolvent, and there was an administrator *de bonis non*, would bar the action, because the appointment of the latter would revoke any former grant of letters, and vest in him the property of the estate.—Revised Code, § 2195. Otherwise, a *pro rata* disposition of the property between the creditors would be defeated. If a suit is pending when the declaration of insolvency is made, judgment may be obtained, but it must be certified to the probate court.—Rev. Code, § 2209. No execution can issue upon a judgment which is obtained against the representative after a declaration of insolvency.

Tested by these propositions, none of the pleas could have prevented the plaintiff from obtaining a judgment; but the fourth and fifth, if sustained by the proof, would have entitled the defendant to have the judgment certified to the probate court.

The evidence of the declaration of insolvency was rejected, and on the evidence admitted, the court charged the

jury that they must find for the plaintiff.   A judgment was accordingly rendered *de bonis intestatis*.

Whether there was error in rejecting the evidence above mentioned, or in the charge of the court, depends upon the validity of the appointment of the administrators *de bonis non*.

After the grant of letters of administration to Mrs. Cogburn, who was entitled to and capable of administering the trust, the probate court had no power to make any new appointment to the office until it was vacated by her death, resignation or removal.   Unless there was a vacancy, the appointment of Nicholson and Alford was void.— *Matthews, adm'r, v. Douthitt*, 27 Ala. 273.

The transcript exhibits a citation to Mrs. Cogburn, issued February 23d, 1867, to renew her bond, or·show cause why her letters shall not be revoked.   This she was to do on the 18th of March, 1867.   On the. 25th of February, 1867, she filed her accounts for a final settlement.   The 20th of March, 1867, was appointed for the settlement, a guardian *ad litem* was appointed for the minors, and publication in a newspaper ordered to be made.   At the time appointed for the settlement, it was continued to the 25th of March, 1867, and Nicholson and Alford were appointed administrators *de bonis non*.   On the 25th of March, 1867, the settlement was concluded, and a judgment rendered against Mrs. Cogburn in favor of the administrators *de bonis non*. It does not appear that any action was taken on the 18th of March, 1867, the day on which Mrs. Cogburn was to answer the citation, or that any court was held.   There is no order for her removal.   The bill of exceptions recites, that the proceedings of the probate court on this subject introduced, contained all the record which can now be found, but, that there was no proof that any part of said record was lost or destroyed.

In *Ragland v. King's Adm'r*, (37 Ala. 80), the sureties of a sheriff moved to supercede an execution issued against them on a decree of the probate court against their principal, as administrator *de bonis non*, on the ground that his appointment as such was void, the administrator-in-chief

having neither died, resigned, or been removed. The order appointing him alleged that the former administrator, having been notified to appear on that day and renew his bond, and failing and refusing to do so, the appointment of the sheriff is made. Another order recited that the appointment was made in consequence of the failure of the other to renew her bond. The court said : " Although there is no formal order for the removal of Mrs. King, yet the facts necessary to sustain such an order are recited in the minutes ; and with the view of sustaining the second grant of administration, when collaterally assailed, we think it is proper to consider the action of the court as amounting to the removal of the administratrix. If the validity of the subsequent proceeding could not be otherwise upheld, we would consider the record as having been amended so as to show a regular order of removal."

In the case of *Matthews v. Douthitt*, *supra*, the administratrix had made application for a final settlement of her accounts. The settlement was made, and her debits and credits being found equal, she was formally discharged. Afterwards an administrator *de bonis non* was appointed, who cited her to a final settlement again. It was held that his appointment was void, because nothing was shown which amounted to a repeal of her authority. This case conflicts with the decision, in *Speight v. Knight*, (11 Ala. 461), that the appointment of a guardian cannot be collaterally assailed, as in a case where the former guardian sought to resist an application of his successor to require him to make a final settlement, on the ground that he had been displaced without notice, and for an insufficient reason. He was not removed otherwise than by the appointment of a successor.

Assuming the law to be as declared in the case of *Ragland v. King's Adm'r*, *supra*, we find the following inducements in favor of the validity of the administration *de bonis non* : 1st. The citation. 2d. The filing, by Mrs. Cogburn, of her accounts for a final settlement immediately afterwards. 3d. The application by Nicholson and Alford to be appointed administrators. 4th. Their appointment.

5th. The final settlement, and the decree against Mrs. C., in favor of her successors. 6th. The subsequent action of the successors, and of the court, in relation to the estate, and the acquiescence of Mrs. C. therein. These are strong reasons to " consider the record as having been amended so as to show a regular order of removal, to uphold the validity of the subsequent proceedings." But how else can the plaintiff prove that there was no vacancy, and that the subsequent appointment was void, than by showing the absence of any order of the court revoking the former grant. The full degree of the perplexity is admitted. On the one hand, the court may have omitted to record an order which was in fact made, and which other proceedings at the time, and subsequently, rendered indispensable to be made. To declare these void might be to work irreparable injury to the administratrix and her sureties, and involve the succeeding representatives and the creditors in difficulty. On the other hand, to presume the order made, cannot deprive the plaintiff of any valuable right. If the administrator has not accounted for all of the assets, or is guilty of waste, in which cases, alone, she and her sureties would be liable, she can be brought to account, either in the probate or chancery court. The probate court is one of general jurisdiction for the granting of letters of administration. When the predicate for the removal of the administrator was laid, by the citation to her to renew her bond, or show cause why she should not be removed, and subsequently to the day appointed for her to appear, other administrators were appointed, are we not authorized to assume in a collateral proceeding, that that was done, without which the succeeding action must be void ?

We have given this case most careful consideration, and we decide that the court erred in sustaining the demurrer to the 4th and 5th pleas, and in rejecting the evidence of the declaration of insolvency of the estate of Cogburn.

The judgment is reversed and the cause remanded.

PECK, C. J., *dissenting.*

[NOTE BY REPORTER.—The opinion in this case was delivered at the June term, 1870.]