# Turner's Executors *v.* Wilkins *et al.*

*Bill in Equity against Executors of Deceased Administrator, for his Devastavit.*

1. *Joint administrators; liability for each other's devastavit.*—Where two administrators give a joint bond, one is not chargeable with a *devastavit* committed by the other, unless he has contributed to it intentionally or otherwise; and his liability on the bond does not prevent him from joining with his co-administrator, under a subsequent appointment, in a suit in equity against the personal representatives of the deceased administrator by whom the *devastavit* was committed, founded on such *devastavit.*

2. *Resignation and appointment of administrator.*—The rule which prohibits a grant of letters of administration *de bonis non,* when there is no vacancy in the administration, is intended for the protection of the incumbent; and if he, without formally resigning, accepts a grant of administration *de bonis non* jointly with another person, such acceptance amounts to a relinquishment or resignation of his former letters.

APPEAL from the Chancery Court of Chambers.

Heard before the Hon. B. B. McCRAW.

The bill in this case was filed on the 25th December, 1873, by Elizabeth Wilkins and William J. Smith, as the administrators *de bonis non,* with the will annexed, of John L. Wilkins, deceased, against the executors of the last will and testament of George S. Turner, deceased; and sought to hold the estate of said Turner liable for a *devastavit,* alleged to have been committed by him while acting, jointly with the said Elizabeth Wilkins, as administrator of the estate of said John L. Wilkins. John L. Wilkins died, in said county of Chambers, in the early part of the year 1860; and his will was there duly admitted to probate, and letters testamentary thereon granted to Mrs. Elizabeth Wilkins and John Y. Trammell, on the 24th March, 1860. On the 5th September, 1861, Trammell having settled his accounts as executor, and resigned, letters of administration *de bonis non* on the estate of said Wilkins, with the will annexed, were granted to said George S. Turner and Elizabeth Wilkins; and they thereupon gave a joint bond, and entered on the discharge of the duties of the administration. On the 4th May, 1868, Turner made a final settlement of his administration, and resigned; and on the 19th June, 1868, letters of administration *de bonis non* were granted to said Elizabeth Wilkins and William J. Smith, on the estate of said John L. Wilkins. The bill alleged, that said Turner, while acting as administrator, transacted all the business of the estate of Wilkins, and had pos-

[Turner's Executors v. Wilkins et al.]

session of all the notes and evidences of debt, among which was a note for $1,000, given by M. B. Taylor and J. B. Robinson, for money loaned to them by Trammell while acting as executor; that several partial payments were made on this note to said Turner, while he was acting as administrator of the estate, which were duly credited on the note, and accounted for by him on the settlement of his administration, and the note itself turned over by him to his successors in the administration, as worthless, the makers having become insolvent; that he concealed from them the fact, which was discovered by them only a short time before the filing of the bill, that the note had been amply secured by a mortgage on real estate by said Robinson; that this mortgage was surrendered by said Turner to Robinson, and another mortgage taken in its stead, embracing a debt due to himself individually; and that this second mortgage was afterwards surrendered, when Turner had collected the amount of his own debt. The bill further alleged, that the amount of said debt due to the estate might have been collected out of the parties to the note, but they had since become insolvent, and the debt was lost.

The respondents demurred to the bill, for want of equity, and because the complainants had an adequate remedy at law; but their demurrer was overruled. They then filed an answer, but not under oath (oath having been waived), admitting all the allegations of the bill, except as to the alleged *devastavit*, of which they had no knowledge, and required strict proof; admitting, also, the appointment of the complainants as administrators *de bonis non* of the estate of Wilkins, at the time alleged in the bill, but averring that Mrs. Wilkins had not then resigned her former appointment, and there was no vacancy in the administration. They alleged, further, that said Turner and Mrs. Wilkins, when they were appointed administrators of the estate of Wilkins, gave a joint bond for the faithful performance of the duties of the trust, and a copy of this bond was made an exhibit to their answer.

On final hearing, on pleadings and proof, the chancellor held that the alleged *devastavit* was established by the evidence, and that the complainants were entitled to relief; and he therefore rendered a decree against the defendants, as executors, for the balance due on the note of Taylor and Robinson, with interest, and awarded execution against them as executors. The final decree, and the overruling of the demurrer to the bill, are now assigned as error.

W. H. DENSON, for appellants.—1. Mrs. Wilkins and Tur-

[Turner's Executors v. Wilkins et al. ]

ner gave a joint bond as administrators, and were mutually liable for the *devastavit* or wrongful acts of each other.—*Williams v. Harrison*, 19 Ala. 277-82; *Pearson v. Darrington*, 32 Ala. 228-49; *Jones v. Jones*, 42 Ala. 219; Perry on Trusts, § 426. Being herself liable for the *devastavit* of Turner, if any was committed, Mrs. Wilkins could not join with others as complainant in the bill. A plaintiff cannot recover in an action against others, founded on a contract made by himself jointly with them.—*Mainwaring v. Newman*, 3 Bos. & P. 120; *Moffatt v. Van Mullingen*, 2 Chitty, 539; 3 Rob. Practice, 301.

2. When two or more persons join as complainants in a bill in chancery, all must be entitled to recover, or the bill must be dismissed.—*Moore v. Moore* 17 Ala. 361; *Tucker v. Holley*, 20 Ala. 426; *Vaughn v. Lovejoy*, 34 Ala. 437.

3. The appointment of Smith, as co-administrator with Mrs. Wilkins, was void, because there was then no vacancy in the administration.—Rev. Code, § 2044. Being void for want of jurisdiction, the appointment may be collaterally assailed.—*Miller v. Jones*, 26 Ala. 247.

E. G. RICHARDS, and R. TAYLOR, *contra.*—1. That the bill contains equity, see *Taliaferro v. Bassett*, 3 Ala. 670; *Draughn v. French*, 4 Porter, 352; *Colbert v. Daniel*, 32 Ala. 314; *Moore v. Armstrong*, 9 Porter, 697 : Rev. Code, §§ 2165, 2167, 2238.

2. Mrs. Wilkins may maintain the suit, notwithstanding her joint bond with Turner, although she may be ultimately liable to heirs or creditors for his *devastavit.*—Perry on Trusts, §§ 401, 416, 421, 425, 445; Williams on Executors, 1111, 1118, 1173; *King v. Smith*, 15 Ala. 264; *Gould v. Hayes*, 19 Ala. 438; *Moore v. Armstrong*, 9 Porter, 697.

3. The acceptance of the grant of letters by Mrs. Wilkins, under the second appointment, being shown by the record, the resignation or revocation of her former letters must be presumed. The second appointment may be irregular and revocable, but it is not void, and it cannot be collaterally impeached.—*Broughton v. Bradley*, 34 Ala. 694.; *Jennings v. Moses*, 38 Ala. 402; *Curtis v. Williams*, 33 Ala. 570; Rev. Code, § 2043.

MANNING, J.—We are not able to perceive, after an examination of the evidence in this cause, that the chancellor erred in the conclusion he attained, that a *devastavit* was committed by Turner, the deceased administrator. But appellants insist, that the decree should be here reversed, on two grounds : *first*, that Mrs. Wilkins, having been co-administrator with Turner, during his administration, and having

executed jointly with him a bond for the faithful discharge of their duties as such, is herself liable for the *devastavit* charged, and can not therefore be a party plaintiff with Smith, in the suit against Turner's executors; and, *secondly,* they say that Mrs. Wilkins did not resign the office of administrator when Turner did, or afterwards, wherefore the administration was not vacant, and there was no jurisdiction in the Probate Court to appoint Smith administrator. Without regard to the manner in which these objections are presented, they are not tenable.

1. In respect to the first: The rule is, that "a *devastavit* by one of two or more executors or administrators shall not charge his companion, provided he has not intentionally or otherwise contributed to it" (2 Williams on Executors, 1649-50); and it is quite clear that Mrs. Wilkins had nothing to do with, and no knowledge of, the acts complained of, as done by her co-administrator, in derogation of the estate. Nor will the fact that she might be made liable for his *devastavit*, as his surety, by reason of their having made a joint administration bond, defeat a suit in a court of equity, brought by her and her present co-administrator, against Turner's executors, for his *devastavit*. It is within the capacity of that court to take cognizance of such a cause, and to make decrees between the parties to this suit, without regard to the ulterior liability of Mrs. Wilkins as such surety.

2. In regard to the second objection: It is admitted that, after the resignation of Turner, in May, the Probate Court granted letters of administration *de bonis non* of Wilkins' estate, with his will annexed, in June of the same year, to Mrs. Wilkins and Smith; and that they accepted the appointment, and entered upon the discharge of its duties. The rule, that where the administration is not vacant, the Probate Court can not appoint another person to it, is intended for protection of the authority of the incumbent. When Mrs. Wilkins came forward with Smith, and applied for, and accepted letters of administration *de bonis non*, to her and him jointly, this, like the acceptance by a person holding any other appointment, of a new commission, modifying or limiting the authority he exercised under the first, operated as a relinquishment or resignation of the former authority, and an acceptance of the latter, which she and her bondsmen would be estopped from denying. A formal resignation by her, and entry of it on the record, might have been more regular and proper. But, in showing her acceptance of a re-appointment, with another person, as co-administrator with her, and that they gave bond, and took upon themselves the duties thus committed to them, the record dis-

closes enough to enable it to be seen that the Probate Court did not act without jurisdiction.—*Ragland v. King's Adm'r,* 37 Ala. 80; *Cogburn v. McQueen,* 46 Ala. 551; see, also, *Speight v. Knight,* 11 Ala. 461; *Gray's Adm'r v. Cruise,* 36 Ala. 559.

Let the decree of the chancellor be affirmed.

