# Fleming v. Walker, et al.

*Bill for the Removal of Trustees and the Appointment of Others, and to Charge the Removed Trustees With a Devastavit.*

(Decided July 2, 1907.—44 South. 536.)

1. *Executors; Co-Executors; Devastavit; Joint Liability.*—A devastavit by one of two or more executors or administrators is not chargeable against the administrator or executor who has not intentionally or otherwise contributed to bringing about the devastavit; provided such an one has not fixed his liability by the execution of a bond.

2. *Trust; Trustees; Receipt of Fund; Devastavit.*—Where the funds in the hands of an executor has never been transferred by a plain and unequivocal act by the executor from himself as such to himself and another as a co-trustee, the co-executor or co-trustee is not responsible for a devastavit of such trust fund committed by his co-executor.

APPEAL from Montgomery City Court.

Heard before Hon. A. D. SAYRE.

Bill by Joseph J. Walker and others against David Fleming and another as co-trustees for Walter Alsop, for an accounting by defendants as trustees of the said Walter Alsop, and as executors of the estate of Sarah Alsop, deceased, and to charge Fleming for a devastavit alleged to have been committed as to the funds belonging to Walter Alsop. There was judgment charging defendants as trustees, but not as executors, with a devastavit committed by defendant Billing. Respondent Fleming prosecutes an appeal from said judgment and the re-

[Fleming v. Walker, et al.]

spondents Walker and others, prosecute a cross-appeal from the decree discharging respondents as executors. Reversed and rendered on original appeal and affirmed on cross-appeal.

RUSHTON & COLEMAN, for appellants and cross appellees. Unless the bill is well filed under the statute it can not be maintained at all as courts of chancery do not possesses original jurisdiction to divest lunatics or persons of weak mind of control over their estate.—*Hamilton v. Trader*, 44 Am. St. Rep. 258; Pom. Eq. Jur. Sec. 1311 and cases cited in notes 1 and A; Sec. 836, Code 1896. The statute was intended for the benefit of an intemperate person and not for the benefit of persons interested in his estate.—*Pinkston v. Semple*, 92 Ala. 564. The demurrer to the bill should have been sustained.— *Pinkston v. Semple, supra; Jones v. Semple*, 91 Ala. 182. The office of executor of the estate of Sarah Alsop may have been accepted without an acceptance of the office of trustee for Walter Alsop.—*Henson v. Williamson*, 74 Ala. 180; *Foxworth v. White*, 72 Ala. 224; *Ex parte Dixon*, 64 Ala. 188; *Smith v. Kennard*, 38 Ala. 695; *Carrol v. Richardson*, 87 Ala. 605. While the law presumes an instanteanous payment by Billing of his debt to himself as executor, it does not presume that any payment was made to his co-executor.—*Sewell v. Buckley*, 54 Ala. 592; *Wright v. Lang*, 66 Ala. 397. Fleming was not liable for funds of Alsop in Billing's hands in the absence of a bond which would have been an agreement to account for each other.—*Taylor v. Roberts*, 3 Ala. 193; *Williams v. Harrison*, 19 Ala. 377; *Pearson v. Darrington*, 32 Ala. 249; *Henson v. Williamson, supra*. Joint executors are not accountable to each other for assets received by each separately.—*King v. Shackelford*, 6 Ala. 426; *Chandler v. Sheehan*, 7 Ala. 298; *Hendricks v.*

*Thornton*, 45 Ala. 299; *Cook v. Cook*, 69 Ala. 294. The fact that Billings accounted as trustee for Walter Alsop does not bind Fleming.—*Scruggs v. Dennis*, 31 Ala. 288. A trustee is only liable for the acts of his co-trustee when by his voluntary co-operation or connivance he enables the latter to commit a breach of trust.—*Peter v. Beberlee*, 10 Peter, 532; *McKim v. Allbeck*, 39 Am. Rep. 472; *Colburn v. Grant* 181 U. S. 601; Note to 4th L. R. A. 529; 28 A. & E. Ency. of Law 1070.

GUNTER & GUNTER and T. W. MARTIN, for appellees and cross appellants Such acts of negligence or careless administration as defeat the rights of creditors or legatees or parties entitled to distribution amount to a devastavit.—*Tebbs v. Carpenter*, 1 Madd. 298; 2 Williams on Executors, 1636. As soon as the certificate of deposit matured, it was money collected for the estate as a matter of law.—*Miller v. Evans*, 63 Ala. 477; *Adair v. Bremer*, 74 N. Y. 539; *Styles v. Guy*, 1 McN. & G. 422. The theory on which one executor is responsible for his coexecutor is that he had a control and his joining in the receipt is evidence of that control although the money was actually received by others.—17 Ency. of Law, 630; *Doyle v. Blake*, 2 Sch. & Lef. 242. It is the duty of an executor no less than a trustee to keep a check upon the co-executor or co-trustee conduct, and an executor is equally chargeable with neglect in allowing a part of the estate to remain outstanding in an improper state of investment whether the party in whose name the outstanding be a co-executor or a stranger.—*Styles v. Guy*, *supra; Mucklow v. Fuller*, Jacob 198; *Egbert v. Butter*, 21 Beav. 560; *Grove v. Price*, 26 Beav. 103; *Elmendorf v. Lansing*, 4 John's Chan. 526; *Schranck v. Schranck*, 16 N. J. Eq. 183; *Lore v. Douglass*, 2 Beasley 308. The

law does not allow trustees to act separately under any circumstances, and when executors assent to legacies they hold as trustees and not as executors.—*Dix v. Bur-ford,* 19 Beav. 409; *Lincoln v. Wright,* 4 Beav. 427; *Matthews v. Brise,* 6 Beav. 244; *Girard v. Futterer,* 84 Ala. 323; *Tittman v. Greene,* 18 S. W: 855.

ANDERSON, J.—"The rule is that a devastavit by one of two or more executors or administrators shall not charge his companion, provided he has not intentionally or otherwise contributed to it," and, of course, upon the further fact that he has not made himself liable by the execution of a bond.—*Turner v. Wilkins,* 56 Ala. 173; *Knight v. Haynie,* 74 Ala. 542; *Williams v. Harrison,* 19 Ala. 277; Woerner's American Law of Administration, vol. 2, § 738; *Hinson v. Williamson,* 74 Ala. 180. It appears from the evidence that the entire fund left by the testatrix, Mrs. Alsop, had been loaned Billing, and he held it as her debtor up to the time of her death. Conceding that Billing, who was in possession of the fund through his bank, an institution owned and controlled by him, became chargeable as executor, upon assumption of office as such (*Seawell v. Buckley's Distributees,* 54 Ala. 592), there was no proof that his co-executor, Fleming, ever acquired the control or custody of the fund, or in any way directed the management or control thereof as co-executor, and was not, therefore, liable for the devastavit of Billing, if committed in his executorial capacity and not as trustee.

It is insisted that the same rule of liability for the devastavit of a co-executor or co-administrator does not apply to co-trustees, and that they are charged with a greater degree of care as to the trust fund than the former, and that they may be made liable for a mere ac-

[Fleming v. Walker, et al.]

quiescence or neglect to bring their co-trustee to a speedy account. Whether this be a recognized distinction or not, we need not determine, for the reason that Fleming cannot be held liable as a co-trustee unless the devastavit by Billing was committed while the fund was held by him as trustee for Walter Alsop, and not as one of the executors of the estate. In order to establish this liability the partial settlement by the executors with some of the legatees, other than Walter, in which the larger portion of the personal assets of the estate was distributed, is relied upon as showing that the fund belonging to Walter was in legal effect transferred from Billing as executor to Billing as trustee. The proof, according to our finding, establishes no more than a mere retention of the fund belonging to Walter by Billing along with the other personal assets belonging to the estate not distributed to the other legatees; and clearly the mere retention by Billing, in the absence of an affirmative act showing his intention to hold it as trustee, did not operate to terminate his liability as executor and impose a liability upon him in his capacity as trustee, for the obvious reason that his holding may be as well referred to his representative capacity as executor as that of trustee. Indeed, the retention must be referred to Billing's executorial capacity, unless it be made to appear "by some plain and unequivocal act" that he elected to hold the fund in his capacity as trustee.—*Governor v. Read*, 38 Ala. 252, 255; *Perkins v. Moore*, 16 Ala. 9; *Davis v. Davis*, 10 Ala. 299.

The judge of the city court erred in holding Fleming liable as a co-trustee, but correctly held that he was not liable as co-executor. The decree of the city court is reversed, and one is here rendered dismissing the bill as

to Fleming on the original appeal, and affirming the de-cree on cross-appeal.

Reversed and rendered on original appeal, and affirmed on cross-appeal.

TYSON, C. J., and DOWDELL and McCLELLAN, JJ., concur.