173 So. 57

**WOODS et al. v. CHRISSINGER et al.**

**8 Div. 734.**

Supreme Court of Alabama.

March 11, 1937.

S. A. Lynne, Peach & Caddell, Chas. H. Eyster, and Philip Shanks, Jr., all of Decatur, for appellants.

McAfee & Entrekin, of Decatur, for appellees.

BOULDIN, Justice.

On former appeal (Woods v. Chrissinger et al., 230 Ala. 678, 163 So. 318) this court sustained the equity of the bill. The pertinent provisions of the will, viz., "Clause 8," "Clause 7," and paragraph or item "3" of the third codicil, are there set out. In codicil No. 1, the annuity payable to each of the sisters is specifically designated at $450.

That this provision for the sisters during the remainder of their natural lives was a primary purpose of the will, that a trust fund of $16,500 in money was to be set up, loaned out by Woods, as trustee, on first mortgages on real estate to provide the income for the purpose of paying these annuities, and that they were made a charge on the entire estate passing into the hands of the executor, who, as executor, was required to sell or mortgage same, if need be, to accomplish the purposes in view, are all manifest from the will, including codicils.

Woods, who took the residuary estate under the will, was named executor and trustee, thus clothing him with the power to conserve the residuary estate, but under a first duty to the beneficiaries of special bequests.

On former appeal the decree of the court below was reversed because it overruled certain demurrers addressed to the aspect of the bill seeking a removal of the executor and trustee. As fully appears from the opinion, this holding was based on the ground that up to the time of filing of the original bill no such flagrant and protracted disregard of duty was disclosed as to warrant a removal.

The decree of this court was handed down June 27, 1935. On January 7, 1936, the bill was amended bringing forward supplemental matter averring, among other things, "that the said Joseph A. Woods as Executor continued in default in the payment of the income from the trust fund provided in Clause 8 of the will, except as set forth in paragraph 5 of the original bill in this cause, throughout the period of this litigation and so continues in default to the filing of this amendment, * * * and while in default in the payment of the annuities to these complainants provided for in Clause 8 of said will, appropriated to his own use and benefit certain assets of said estate, viz.: (a) He has collected dividends on the stock of the Decatur Ice & Coal Company belonging to said estate, and has failed to account therefor in the sum of $84.00; (b) He has occupied and used for his own personal benefit for a number of years a large residence in the City of Decatur, Alabama, having an annual rental value of several hundred dollars, and has made no accounting whatsoever for the rents therefor; (c) He has collected rents on other real property as specified in paragraphs 14 and 15 of this complaint belonging to said estate for which he has failed to account; or complainants aver in the alternative that it was his duty as said

Executor to collect and account for such rents and profits."

It is further averred he has defaulted in payment of taxes on a large part of the real estate and suffered same to be sold for taxes; has now removed from the State and is a resident of Illinois, etc.

It thus appears that for seven years, 1929 to 1935, inclusive, these annuities have gone unpaid, notwithstanding it is averred the real estate was of ample value to provide the means to carry out the terms of the will. One of these annuities accrued subsequent to the decision of this court. Manifestly, one of the aims of the testatrix was to provide an annual income for these beneficiaries while living.

One of these beneficiaries, Josephine V. Sheets, it appears, has died pending the suit, and the administrator of her estate became a party complainant. The unpaid annuities at the time of her death are a proper subject for relief.

The present appeal is from a decree overruling demurrers to the bill as last amended.

Without further comment, we are of opinion the present bill is fully sufficient to invoke the jurisdiction of the court of equity to remove the executor and trustee under principles announced in our former decision, if found advisable, to the end that the court, in the exercise of its equity powers over trusts, may proceed in the most practicable and direct method in keeping with equitable remedies to effectuate the purposes of the testatrix touching these legacies.

There was no error in overruling the demurrer of respondent Joseph A. Woods to the amended bill.

A separate appeal is prosecuted by United States Fidelity & Guaranty Company from a decree overruling its demurrers to the amended bill.

Elaborate briefs are presented in support of the contention that the surety on the bond of the executor is improperly joined as a party respondent, in that the several breaches complained of relate to a personal trust, the position of trustee under the will, and not to the office of executor.

Criticism is directed to the following announcement in the former opinion: "We are convinced it was the purpose to charge the entire estate with this bequest, and to empower the executor to sell and convey or mortgage real estate to provide means to meet these annuities." 230 Ala. 678, 163 So. 318, 319.

Suffice to say codicil No. 3 in unequivocal terms vests this power in the executor to be exercised "in his name as such executor." Whether, in the nature of it, this or any other power conferred upon the executor, as such, relates to a distinct testamentary trust, wherein he acts as trustee, wholly outside the office of executor, as affecting the obligation of the surety, was in no way involved or considered.

This question, quite involved and difficult in many cases, as declared in Perkins v. Lewis et al., 41 Ala. 649, 94 Am.Dec. 616; Proctor v. Scharpff, 80 Ala. 227; Creamer v. Holbrook et al., 99 Ala. 52, 11 So. 830; Fleming v. Walker et al., 152 Ala. 386, 44 So. 536, 126 Am.St.Rep. 46; Perkins v. Moore, Judge, 16 Ala. 9; and cases dealing with Code, § 6942, is not now important.

The bill makes no allegations as to what breaches the surety is to answer for, nor asks any specific relief against the surety. It is made a party respondent, that, under the prayer for general relief, the equities of complainants as against the surety may be adjudged as the occasion may arise. For all that appears the court may be able to fully protect complainants by disposition of the property of the estate within its jurisdiction charged with the payment of these legacies.

A discussion of all the contingencies in which the surety may or may not be liable, at this stage, would be largely academic.

Until there is an adjudication defining and fastening a liability on the surety, we decline to anticipate matters which may never arise.

Suffice to say the bill does disclose duties devolving on the executor, and a breach thereof, so that the surety is a proper party respondent to the cause.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.