## HUDSON, Guardian, &c. v. PARKER.

1. Where the account of a guardian is audited and reported for allowance, and he moves to amend a settlement made with the court at a previous term, which is refused—conceding the power of the court to have granted

the motion, to induce a reversal, the record should show that the guardian was prejudiced by the decision against him.

2. A decree of the Orphans' Court, reciting that the guardian of a female ward was indebted to her husband in his wife's right, and adjudging that the guardian pay over that sum to the husband, is a decree in favor of the latter, and is defective, because it is not in favor of both husband and wife.

Writ of Error to the Orphans' Court of Pike.

The defendant in error presented his petition to the court below, stating his intermarriage with Mary L. Hudson, of whose person and estate the plaintiff had been appointed a guardian, and praying that the latter might be summoned to appear, and show cause why a " final settlement of the estate may not be had, in order that the said Walter C. Parker, in right of his wife, may not receive that portion of the estate of William Hudson, deceased, which belongs to her, the said Mary L. Hudson, wife of Walter C. Parker, aforesaid, as heir of the said William Hudson." It was accordingly ordered, that a citation issue to the guardian; who thereupon appeared, and filed, as the record recites, his account and vouchers, which were examined, audited and reported, and publication made as required by the statute.

On the day appointed to show cause against the allowance of the account, as stated by the Judge, the defendant moved to amend the settlement made with the court in the year 1840, by a deduction of $10 16-100, which it was alledged was an error to his prejudice ; but the motion was overruled. Thereupon the account was allowed as reported, and a decree rendered, stating that " David Hudson, guardian as aforesaid, is indebted to Walter C. Parker, in right of his wife, Mary L. Hudson, in the sum of $643 55¾—it is adjudged and decreed, that the said David Hudson, pay over to him, the said Walter C. Parker, the said sum of $643 55¾, for which execution issue."

J. BUFORD, for the plaintiff in error, made the following points : 1. If the wife survive the husband, she is entitled to her choses in action. [1 Chitty's Plead. 21, 22.] 2. If the wife die pending the settlement of her guardian's ac-

count, the decree should be in favor of her personal represen-
tatives, (6 Ala. Rep. 610;) and if she be living, it should
be in favor of herself and husband jointly. [3 Ala. Rep.
653.]

J. E. BELSER, for the defendant in error. The error in
the settlement of the guardian's accounts, for a year previous
to the rendition of the decree, if it really existed, could not
be corrected at the instance of the guardian. [Clay's Dig.
226, § 27; 6 Porter's Rep. 184; 4 Ala. Rep. 121; 6 Id.
614.]

The decree is not in favor of the husband of the ward alone.
This is sufficiently shown by the terms of the decree itself.
[3 Ala. R. 653; 6 Id. 610.]

COLLIER, C. J.—Conceding it to have been competent
for the Orphans' Court to have permitted the deduction from
the charges made in the guardian's account against himself,
it is quite enough to say, that there is nothing in the record
to show that the error suggested, did in point of fact exist.
We cannot then know that the court did not decide correct-
ly, and must rather intend in favor of the decree. It is an
acknowledged principle, that the party alledging an error,
must show its existence, and presumptions cannot be indulg-
ed prejudicial to the judgment of the primary court.

In Crenshaw v. Hardy, 3 Ala. Rep. 653, it was held, that
where an infant ward marries, and the accounts of her guar-
dian are audited and reported for final settlement, a decree
for a balance in his hands must be rendered in favor of *both*
the husband and wife. In that case a decree in favor of the
husband *alone* was reversed on error. It is insisted for the
defendant in error, that in the present case, the decree is, in
effect, in favor of himself and wife. True, it recites that the
guardian is indebted to the husband *in right of his wife*, and
it is adjudged that he recover *in her right*. This is nothing
more than is shown by the entire record, viz: that the lia-
bility of the guardian results from his accountability to the
wife—that from her, as the meritorious cause, the right of
recovery emanates. The decree is in favor of the husband

alone—and execution upon it would issue in his name, if he were to die, in favor of his representatives, and not his wife.

It results from this view, that the judgment of the Orphans' Court must be reversed, and the cause remanded.