## WILSON *vs.* KNIGHT, Guard'n.

1. Ordinarily trustees must account with a Court of Chancery as to the management and situation of the trust estate, but it cannot be assumed as a legal conclusion, that no trust can be created by deed, the annual proceeds of which could properly go into the hands of a guardian, as such, and be administered in the Orphans' Court.

2. Where the trustee of an infant is also its duly appointed guardian, and, as such, has annually, for fifteen years, accounted with the Orphans' Court, for the proceeds of the trust estate, and been allowed credits exceeding in amount the yearly income of the estate, other than that embraced by the trust, his acts will be regarded as a recognition of his right to such proceeds, as guardian, and unless some error or mistake is shown, will estop him from denying it.

3. The appearance of a guardian, without objection, on the final settlement of his accounts in the Orphans' Court, dispenses with the necessity of notice.

ERROR to the Orphans' Court of Henry.

P. T. SAYRE, for the plaintiff in error:

1. Wilson was clearly entitled to amend his return.—Hudson v. Parker, 9 Ala. 413 ; Cunningham v. Pool, 1 ib. 615; 5 Watts, 91.

2. Wilson was clearly not liable for any thing but what he received as guardian—he gives bond and security for the faithful discharge of his duties as such. The amount of the estate is determined before hand, and by it is the amount of the bond determined. The securities became liable for the property received by him as guardian, and it is not in the power of the court to increase their liability. The returns show that Wilson is only liable for about one thousand dollars, received by him as guardian, but if the judgment of the court is correct, he and his securities are made laible for near four thousand dollars. Deduct the items allowed Wilson for his expenditures as guardian, and the judgment would be in his favor, and he and his securities liable for nothing on his bond, but by the judgment of the court, they are made liable for near four times the amount actually received. Wilson held the property as trustee—his title was supreme, and could not be questioned; if he was liable for the proceeds of the negroes as guardian, then his successor has a right to sue him for their yearly value hereafter, and thus entirely defeat the trust.

3. The citation is defective.—Blackwell's Adm'r v. Vastbinder, 6 Ala. 218.

F. S. JACKSON, for the defendant.

CHILTON, J.—Wilson having been duly appointed guardian for James W. Cawthon, and having acted as such for several years, his said ward arrived at the age of fourteen, and petitioned the Orphans' Court to appoint him a guardian of his own selection. Thereupon, after due notice to Wilson, Knight was selected by the ward, and the letters to Wilson being revoked, was appointed guardian. The court having duly notified Wilson to come forward and file his accounts and vouchers for final settlement of his guardianship, and he failing to attend, proceeded as required by the statute, to state the account *ex parte*. In stating the account it appears the counsel for Wilson objected to certain charges against the guardian for negro hire and interest thereon, which seem to constitute the main bulk of the ward's

estate, upon the ground that the negroes so hired were trust property, deeded in trust by the ward's mother to Wilson as trustee, and for the hire of which it was insisted he should account as trustee, and not as guardian.  It appears that Wilson has regarded the hire of said slaves in his hands as guardian, and that he has so returned the same to said court annually, for the last fifteen years, and the Orphans' Court has acted upon such returns, and allowed to the guardian credits greatly exceeding the interest on the other portion of the ward's estate exclusive of what is designated as trust property.  The trust deed does not appear of record, nor was any specific motion made, as predicated upon its provisions, for the guardian to correct his annual returns.  It was considered by the court that the guardian having uniformly treated the hire of the slaves as in his hands as guardian, the same having been for so long a period returned in his annual accounts, he had thereby separated it from the trust, and made it effects in his hands subject to the jurisdiction of the Orphans' Court.  In this opinion we entirely concur. Wilson, who holds the deed, must be presumed to be cognizant of, and fully to understand its provisions.  *Non constat*, the deed requires the annual hire to be paid over to the guardian, and the two characters uniting in the same individual, his returns to the Orphans' Court, charging himself, should operate as though he had received it from a third party.  The bill of exceptions fails to present the point which it was designed we should revise. It is manifest we can give no opinion as to the effect of the trust deed, unless it was brought to our notice.  Ordinarily trustees must account upon annual settlements with the Court of Chancery, " as to the management and situation of the estate."—Clay's Dig. 582 § 6.  But it cannot be assumed as a legal conclusion that there can be no trusts created by deed, where the proceeds could properly go into the guardian's hands as such, and be administered in the Orphans' Court.  The deed, as we before said, might specially provide for such disposition of the proceeds, and as the contrary does not appear of record, we would, if it were necessary to support the decree, intend that such were the provisions of this deed.  But in this case, we are not left to intendment.  The most solemn, sworn recognition of the guardian's right to the proceeds of the hire of said slaves *as guardian*, is afforded by his returns, and by them, he is foreclosed, un-

less he could show some error or mistake, which he fails to show in the record before us. This view is in unison with Hudson v. Parker, 9 Ala. 413, and Cunningham v. Pool, ib. 615.

As to the insufficiency of the citation to the guardian, it is sufficient to say, that he appeared by his counsel on the first hearing, and in proper person on the final trial. This dispenses with notice, no objection being taken to it in the court below. We have no doubt as to the entire correctness of the decree, which must consequently be affirmed.