# Burch, *et al. v.* Gaston, Judge.

*Mandamus.*

(Decided June 17, 1913.  62 South. 508.)

1. *Courts; Jurisdiction; Trusts; Probate Court.*—The will in this case examined and it is held that the trust created relative to the minor grandchildren, and the duties enjoined on the executors falls outside of the scope of the ordinary duties of executors and administrators, and that the probate court had no jurisdiction to inquire into the conduct of such trust.

2. *Same.*—Under section 2666, Code 1907, the probate court had jurisdiction to require a settlement as to purely executorial duties at the instance of creditors, or of a grandchild who had become entitled to so much of the estate as survived the trust, and hence, the probate judge will not be restrained by prohibition or otherwise, from citing such executors to a settlement, where the petition for the writ of prohibition did not show upon whose application the citation for a settlement was issued.

3. *Executors and Administrators; Accounting; Parties.*—Under section 2666, Code 1907, the probate judge may issue citations on his own motion or on the application of distributees or legatees, requiring a settlement, partial or final.

4. *Trusts; Accounting; Provisions of Will.*—The provisions of a will giving property in trust to executors for the support and education of minors during minority, or until married, and directing the use of the best judgment of executors in administering the trust, and providing that they should not be liable or amenable to any person or to any court in the exercise of such judgment, and that their accounts should be treated as correct and final as to the amount remaining undisposed of upon the termination of the trust, violates no rule of law and becomes a part of the law for the administration of a particular estate notwithstanding the provisions of section 2666, Code 1907.

5. *Same; Administration; Jurisdiction.*—Under the will in this case, upon an allegation of fraud in the administration of the trust, a court of equity will take jurisdiction and investigate the manner in which the trust was administered, notwithstanding the exemptions of the will to the contrary, since the exemption was intended to apply to faithful trustees, and not to unfaithful ones.

[Burch, et al. v. Gaston, Judge.]

APPEAL from Montgomery Circuit Court.

Heard before Hon. W. W. PEARSON.

Application by John M. Burch and another, executors, for mandamus, prohibition, or other remedial writ, directed to John B. Gaston, probate judge of Montgomery county, requiring said judge of probate to desist from compelling petitioners to file their accounts and vouchers for a settlement of the executorship of the estate of Florence H. Burch, deceased. From a decree sustaining a demurrer to the petition on the ground that there is no law exempting executors from making settlement in the probate court, petitioners appeal. Affirmed.

WEIL, STAKELY & VARDAMAN, and STEINER, CRUM & WEIL, for appellant. The demurrers to the petition should have been overruled on the authority of *Sellers v. Sellers*, 35 Ala. 235; 18 Cyc. 1114; 48 N. E. 823; 25 N. E. 780; 170 Mass. 506. The chancery court might have had jurisdiction, but the probate court was without jurisdiction, notwithstanding section 2666, Code 1907. This section has been in all the codes, and having received judicial construction in *Sellers v. Sellers, supra,* must now be taken as having been readopted with that construction.—*Anthony v. State,* 29 Ala. 27; *Duramus v. Harrison,* 26 Ala. 326; 13 Cyc. 1143, 1168.

W. A. GUNTER, for appellee. The whole controversy may be summed up in the question as to whether a citizen may by will defeat the statute and the plain public policy of the state, as evidenced by section 2666, Code 1907. The answer is, he cannot.—*Wall v. Bissell,* 125 U. S. 390; sec. 2541, Code 1907.

SAYRE, J.—The last will and testament of appellants' testatrix gave all her property, after debts paid,

to appellants and certain of her grandchildren in named proportions. To appellants she gave one-half her estate in trust for the support, maintenance, and education of the said grandchildren, directing that "in so expending the same, the said trustees shall use their best judgment and shall not be liable or amenable to any court or person in the exercise of such judgment." The will provided, further, that upon the marriage of any of the grandchildren, or upon their arriving at the age of 21 years, "then the portion of my estate to which they are entitled and remaining undisposed of, shall be paid over to such one; but in arriving at the amount to be turned over to said child, the statement of such accounts relating thereto as made by the trustees herein appointed shall be treated as correct and final, and the amount so stated is the amount I direct shall be paid over to such child." In the concluding item of the will appellants are nominated and appointed executor and executrix, and testatrix directs that no bond or security shall be required of them as such, and that they may manage the estate as they deem best, but without being required to answer to or report to any court or make settlement therein. The will was admitted to probate in 1907, and in December, 1912, appellee, as judge of probate, cited appellants to a settlement. This proceeding was brought by appellants for mandamus, prohibition, or other appropriate remedial writ, requiring appellee to desist from his effort to bring appellants to a settlement.

The trial court did not go astray in denying the application for a writ to restrain the judge of probate. Principles of law, as well as the provisions of the will, deprive the probate court of jurisdiction to inquire into the conduct of the extraordinary, personal trust created by the will for the support, maintenance, and education

of the grandchildren during their minority or until
marriage. Those duties fall outside of the scope and
sphere of the ordinary duties of executors. If there be
circumstances of fraud or the like which would require
an investigation of the manner in which that trust has
been executed notwithstanding the provision of the will,
such investigation can be had only in the court of chan-
cery.—*Hinson v. Williamson*, 74 Ala. 180. But it can-
not be questioned that one or more of the grandchildren
who may have become entitled under the terms of the
will to receive the unexpended proportion of the prop-
erty devised or bequeathed to them, in the absence of
the special exemption from liability to an accounting
thereby provided, could have invoked the aid of probate
court to have an accounting and to have the balance
due to them at the moment the extraordinary trust ter-
minated, and any amount received by the executors
since that time ascertained and decreed to them. Nor,
in any case, can creditors be deprived of their right
to have an accounting, to the end that their just claims
may be paid. As against creditors, certainly it was
not within the power of the testatrix to defeat the pro-
visions and policy of the law of the state requiring
periodical accountings and the due administration of
estates.—Code, § 2666; *Wall v. Bissell*, 125 U. S. 390,
391, 8 Sup. Ct. 979, 31 L. Ed. 772. And, for aught we
know, the judge of probate, issuing the citation to a
settlement in this case, may have acted on the petition
of a creditor whose claim against the estate remains un-
paid. Like considerations would deny executors the
right to refuse an accounting to legatees and distribu-
tees in the ordinary case. They hold their executorial
office under the statute made for the government of ad-
ministrations, and they cannot deny the force and ef-
fect of that statute in any of its parts. The opinion

seems to have been generally entertained that distributees and legatees come within the beneficial purview of the statute.—2 Woerner's Am. Law of Administration, § 501. And the terms and policy of the statute are broad enough to justify the judge of probate in issuing a citation sua sponte. Indeed, this court has heretofore said, no doubt having the statute in mind, though in a case not raising any question as to the power of a testator to exempt his executor from an accounting, that the probate court may so proceed to compel a settlement, and that it is its duty so to proceed when, from its records, it appears there is a delinquent executor or administrator.—*Vincent v. Daniel*, 59 Ala. 605. It has been said, however, in the same connection that, if the probate court proceeds on the application of the party complaining, "It should appear he has cause of complaint—that he is not a mere interloper, putting his finger in the other people's messes."

Now it is suggested that a testator has as much right to direct how his estate shall be administered as he had to direct its distribution, and that volunteers have only such rights as the will gives them; they take under and pursuant to the will, and as against their demands the will must prevail. Such was the language of the Supreme Court of Pennsylvania in *Keller's Estate*, 224 Pa. 525, 73 Atl. 926, and it is sound doctrine. It is to be observed, however, that an accounting was refused to petitioners in that case, not on the theory that beneficiaries under the will could not have an accounting because of the exemption thereby provided, but because they did not take under the will, nor were they creditors.

And so of *Sellers v. Sellers*, 35 Ala. 235. There the court sustained the equity of a bill for an accounting on the distinct ground that there was such a complica-

tion of accounts as would authorize the chancery court to take jurisdiction. It conceded, however, and that concession proceeded from the learning of an able judge, the validity of the executor's exemption from accountability in the orphans' court. The provision there was very similar to that of the will in the case at bar except that the executor was relieved of an accounting or settlement in "the orphans' court." The court said: "We think, too, that so far as the mere 'management and possession of the estate' were concerned the will exempts her from accounting, and also from the duty of settling in the court designated."

Our opinion is that the testamentary provision in question constituted a personal trust committing testator's estate during the minority of her grandchildren, or until they should marry, to the discretion of the trustee unfettered except by the requirement of honest purpose; that no rule of law prohibits the creation of such a trust, nor does section 2666 of the Code impose any limitations upon the power of a testator in disposing of his estate or providing for the manner of its distribution, so far as concerns those who take under his will; that such an exemption during the period provided for its continuance becomes a part of the law of the administration; and that pending the arrival of the time when under the provisions of the will the grandchildren, or some of them, may become entitled to so much of the estate as may survive the trust, the executor-trustees cannot be called to account in the probate court. It follows that if the citation was issued at the instance of a grandchild whose interest in the estate has not yet been relieved of the trust, or if it was issued ex mero without disclosure by the record that creditors or grandchildren entitled to a statement needed the intervention of the probate court, it should be quashed.

If, as was possibly the case here, the judge of probate was moved to the citation by one or more of the grandchildren so circumstanced as to be entitled to receive any balance remaining undisposed of at the termination of the personal, nonexecutorial, trust for their support, maintenance, and education during a limited time, some difficulty in making the settlement in that court of practical value to appellees may arise out of the nature of that trust, the unbounded discretion as to its management lodged in the executors, the conclusiveness of any statement they may make of the extent of the remaining trust property at the time when the grandchildren became entitled to distribution, and the limitations upon the jurisdiction of the probate court to deal with it. If fraud is alleged in the administration of a trust of that character, it is plain that a court of equity will take cognizance of the case, the exemption of the will to the contrary notwithstanding, for, to quote *Keller's Case, supra,* "the interference in such a case defeats no provision in the will, for the exemption was intended to apply to faithful, not unfaithful, executors, and the only end to be accomplished by the interference is to secure honest administration of the estate in accordance with the testator's wishes." But, as we have seen, when a personal trust is created by will, the probate courts of this state have no jurisdiction to enforce or settle such trust.—*Hinson v. Williamson, supra.* That, however, will not affect the right of the grandchildren to an accounting in respect of the appellants' discharge of the purely executorial duties which they assumed when they undertook to execute the will. "The probate court in cases of this nature may properly undertake to settle up such matters as pertain to the executorial duties or office, and decline to take cognizance of the extraordinary trusts which fall outside of

[Burch, et al. v. Gaston, Judge.]

the scope or sphere of the ordinary duties of executors and administrators."—*Hinson v. Williamson, supra.* But an unfair statement is not to be expected, will not be presumed, and any one or more of the grandchildren of the testatrix, circumstanced as we have supposed, will be entitled to have any balance admitted to have been due them at the moment they became of age or married, and any amount since received, decreed to them, for the will clearly contemplates a statement of, an accounting for, such balance to the beneficiaries, and requires that it be paid over to them. The probate court, and the beneficiaries of the will proceeding therein, may be bound by any disposition of the trust estate made pending and under color of the personal trust reposed in the executors, but if the beneficiaries are willing to proceed in that forum, notwithstanding the limitations upon its jurisdiction, for an accounting of any balance which remained in the hands of the executors at the expiration of the personal trust and for what may have been since received by them, no reason occurs to us why they should not have that relief. This course will give effect to the will.

We cannot say on the facts shown in the petition to the circuit court that the probate judge did wrong in issuing the citation. We must therefore say that the circuit court did well in sustaining the demurrer to the petition.

Affirmed.

DOWDELL, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.