(111 So. 35)

**CASTLEBERRY v. HOLLINGSWORTH.**
(7 Div. 668.)

(Supreme Court of Alabama. Jan. 13, 1927.)

1. **Executors and administrators** ☞17(1)—
Where relative did not apply for letters of administration, fact that another was appointed before 40 days expired could avail him nothing (Code 1923, §§ 5742, 5744).

Where relative waived preferential right by failing to apply for letters of administration within 40 days after death of intestate became known, fact that another was appointed before 40 days expired could avail him nothing, in view of Code 1923, §§ 5742, 5744.

2. **Appeal and error** ☞179(2)—Where no proof was offered to establish allegations denied in answer, allegations could not be considered on appeal.

Where allegation was denied in answer and no proof was offered to establish allegation, it could not be considered on appeal.

3. **Executors and administrators** ☞35(1)—
Probate court can remove administrator only for grounds specified in statute (Code 1923, § 5789).

Grounds for removal of administrator, specified in Code 1923, § 5789, are exclusive, so far as court of probate is concerned.

4. **Executors and administrators** ☞473, 474(1)
—Statute, providing that circuit court may proceed without regard to statutory requirements for administration of estates in probate court, held not to affect substantive law as established by statute and decision (Code 1923, § 6476).

Code 1923, § 6476, providing that in administration of estates circuit court may proceed according to its own rules and practice without regard to statutory requirements for administration in probate court, held not to affect substantive law as established by statute and decision.

5. **Executors and administrators** ☞35(2)—
Conflict of interest of administrator representing two estates, where controversy existed between heirs of two estates, held not ground for removal (Code 1923, §§ 6057, 6061).

Where C. was chief beneficiary under will of B. and there was controversy between heirs of C. and heirs of B., and administrator of C.'s estate was also administrator of B.'s estate, conflict of interest because of controversy between heirs held not ground for his removal as administrator of C.'s estate, in view of Code 1923, §§ 6057, 6061.

---

Appeal from Circuit Court, Talladega County; R. B. Carr, Judge.

Petition in equity by Joseph Castleberry for removal of W. L. Hollingsworth as administrator of the estate of William Castleberry, deceased. From a decree denying the relief, petitioner appeals. Affirmed.

Rutherford Lapsley, of Anniston, for appellant.

A person in one of the preferred classes, though by delay he has not exercised his statutory right within 40 days, is preferred over one who was never in that class. McFry v. Casey, 211 Ala. 649, 101 So. 449. On application of any person in interest, letters of administration may be recalled and a new administrator appointed. Brown v. Brown, 204 Ala. 157, 85 So. 439; Koger v. Franklin, 79 Ala. 505; Watson v. Glover, 77 Ala. 323. The chancery court in the administration of estates, proceeds according to its own rules of practice. Code 1923, § 6476. The chancery court will not countenance the practice of a party appearing on both sides of the cause.

Hagood v. Goff, 208 Ala. 642, 95 So. 21; Martin v. Atkinson, 108 Ala. 314, 18 So. 888; Hays v. Cockrell, 41 Ala. 75; Cleere v. Cleere, 82 Ala. 581, 3 So. 107, 60 Am. Rep. 750; Davis v. Swearingen, 56 Ala. 539.

Merrill, Field & Allen, of Anniston, for appellee.

The causes for removal of administrators as set forth in section 5789 of the Code are the only grounds for removal, unless on common-law grounds, none of which are alleged in the petition. 23 C. J. 1117; 11 R. C. L. 49; Randle v. Carter, 62 Ala. 101; Kidd v. Bates, 120 Ala. 85, 23 So. 735, 41 L. R. A. 154, 74 Am. St. Rep. 17. A person may act in two representative capacities at the same time. Swope v. Swope, 178 Ala. 172, 59 So. 661; Draper v. Draper, 64 Ala. 545.

GARDNER, J. One W. L. Hollingsworth was on December 7, 1925, duly appointed by the probate court of Talladega county administrator of the estate of William Castleberry, who died a resident of said county on November 7, 1925. The administration of said estate was by appropriate order removed into the circuit court of Talladega county, where was heard and considered the petition of appellant for removal of said Hollingsworth as such administrator, and a decree rendered denying the relief sought and dismissing the petition, from which decree this appeal is prosecuted.

[1] Petitioner, as next of kin of decedent entitled to share in the distribution of his estate, was to be preferred in the matter of the administration of said estate over Hollingsworth, who was no relation (section 5742, Code of 1923), but waived any such preferential right by failing to apply for letters of administration within 40 days after the death of the intestate became known (section 5744, Code of 1923), and the fact that Hollingsworth was appointed before the expiration of said 40 days can, under these circumstances, be of no avail to petitioner (Child v. Davis, 172 Ala. 266, 55 So. 540).

[2] It appears that Hollingsworth is also one of the administrators with the will annexed of the estate of Ellen M. Bramlett in course of administration in the probate court of Calhoun county, and that William Castleberry was the chief beneficiary under the will of said Ellen Bramlett. While it is charged in the petition that Hollingsworth is also a beneficiary under said will, and that his personal interests are adverse to the heirs of William Castleberry, deceased, yet this is denied in the answer, and no proof was offered to establish these allegations, which may therefore be laid out of view.

It is further averred that a controversy exists between the heirs of William Castleberry and the Bramlett estate, and the foundation for the petition for removal appears to rest upon this conflict of interest resulting in a conflict of duty on the part of Hollingsworth, as one of the administrators of the Bramlett estate, to see that proper accounting is had to the administrator of the Castleberry estate. The argument is advanced that, upon settlement of the Castleberry estate, Hollingsworth could not recover of himself a decree against himself, as administrator of the Bramlett estate, as the decree would be void under the following authorities: Hagood v. Goff, 208 Ala. 642, 95 So. 21; Hays v. Cockrell, 41 Ala. 75; Martin v. Atkinson, 108 Ala. 314, 18 So. 888.

[3] The court held, however, in Randle v. Carter, 62 Ala. 95, that a conflict of interest was not ground for removal, and in that connection said:

"It is not necessary to inquire whether in any case, the court of chancery can remove an administrator deriving his authority from the grant of another court of exclusive jurisdiction. If the court has the power, it is only an extreme case, which will justify its exercise. The statutes have committed the power to remove executors or administrators to the court of probate granting the letters, and have carefully defined the causes of removal. The court of chancery can protect its suitors against the delinquency of executors or administrators, in nearly every possible case, without resorting to the extreme measure of removal, which can be justified only when actual fraud, or some of the distinct grounds of removal in the court of probate are shown to exist."

The case of Kidd v. Bates, 120 Ala. 79, 23 So. 735, 41 L. R. A. 154, 74 Am. St. Rep. 17, dealt with the question of selection and appointment of administrators, and is of interest in this connection. The case of McFry v. Casey, 211 Ala. 649, 101 So. 449, cited by counsel for appellant, involved a protest of an appointment of an administrator and is without influence upon this appeal, so far as the court of probate is concerned, the grounds for removal specified in the statute (section 5789, Code of 1923) are held to be exclusive (Cromenlin v. Raoull, 169 Ala. 413, 53 So. 745; Bell v. Fulgham, 202 Ala. 217, 80 So. 39). See, also, note to Pfefferle v. Herr, 138 Am. St. Rep. 527, 537; 23 C. J. 1117; 11 R. C. L. 96. We find it unnecessary, as did the court in Randle v. Carter, supra, to determine whether the equity court may remove an administrator for cause other than there specified in the statute.

[4] The matter of conflict of interest is not one of the grounds so specified, and was held insufficient for removal in a court of equity in Randle v. Carter, supra. Any anticipated difficulty of settlement of the estate is answered by the provisions of section 6057, Code of 1923, for the appointment of an administrator and letters in connection with section 6061, Code, providing for the character of decree to be rendered in such contingency. We do not construe section 6476 of the Code

as intended to affect the substantive law as established by statute and decision. Dent v. Foy, 206 Ala. 454, 90 So. 317.

[5] Following the provisions of sections 6057 and 6061, Code, there will be no embarrassment as to the rendition of a proper decree. There is no actual fraud charged nor statutory ground for removal alleged, and we are of the opinion the matter of alleged conflict of interest does not suffice as a cause of removal.

It results therefore that the decree in the court below is in accord with the view here entertained, and will accordingly be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.