(137 So. 406)

### GILCHRIST et al. v. GILCHRIST et al.

8 Div. 286.

Supreme Court of Alabama.

Oct. 8, 1931.

Rehearing Denied Nov. 19, 1931.

E. W. Godbey, of Decatur, for appellants.

A. J. Harris, of Decatur, for appellees.

BOULDIN, J.

The bill was filed by Frank Gilchrist and G. R. Gilchrist, claiming as heirs and distributees of the estate of John W. Gilchrist, deceased. The administratrix, the widow, and other heirs are made parties respondent.

Briefly, the case made by the bill is this:

Contemporaneous with taking out letters of administration, the widow and heirs .at law, other than these complainants, entered into

an agreement in writing, set out in the bill, as follows:

"State of Alabama, Morgan County.

"Whereas, John W. Gilchrist departed this life at Somerville, Morgan County, Alabama, on the 24th day of March, 1930, owing no debts of any magnitude, and having disposed of his property among the members of his family to the satisfaction of all concerned, and leaving no minor heirs; and, whereas, it is desired to avoid costs and expenses of the usual steps in administration proceedings; and, whereas, the sole and only heirs of John W. Gilchrist, who died intestate, are the following, to-wit: Amanda Gilchrist, Elsie Johnston, Claude B. Gilchrist, V. P. Gilchrist, W. K. Gilchrist, Otto B. Gilchrist, Etoille Gilchrist; and, whereas, the said John W. Gilchrist had conveyed certain lands to the following children, who had executed to him mortgages, each in the sum of about, to-wit, $1500.00, to-wit, W. K. Gilchrist, V. P. Gilchrist, and Elsie Johnston, together with her husband Skeggs Johnston, which last included some lands belonging to the said Skeggs Johnston separately; also Claude B. Gilchrist; and, whereas, it was not the understanding of the said John W. Gilchrist that said mortgages should ever be enforced or collected;

"Now, therefore, for and in consideration of the premises, and in order to carry out the wishes of the said John W. Gilchrist, and in order to avoid costs and expenses as far as possible; and for and in consideration of one dollar in hand paid to Otto B. Gilchrist and Etoille Gilchrist and Amanda Gilchrist, widow, by the others, the receipt of which is hereby acknowledged, we, the said Amanda Gilchrist, Elsie Johnston, Claude B. Gilchrist, V. P. Gilchrist, W. K. Gilchrist, Otto B. Gilchrist and Etoille Gilchrist, hereby consent and agree as follows:

"1. That Amanda Gilchrist shall have all the personal property, moneys, and personal effects of said decedent that may remain after paying any debts, funeral expenses, of the said John W. Gilchrist, deceased, for her own use and benefit.

"2. That Amanda Gilchrist need not file any inventory, nor make any partial settlements of her administration; nor shall there be any appraisement of the effects of said estate, nor any homestead or exemption proceedings.

"3. That none of the parties hereto have any claims against the said estate or against one another as heirs or distributees of said decedent, except as may be noted below.

"4. That each and all of said mortgages shall be, and hereby are, satisfied; and the undersigned will mark the same, or any of the same satisfied on the record that may have been filed for record; and as part of the consideration of this agreement it is expressly understood and agreed that in order to equalize a distribution undertaken to be made by John W. Gilchrist in his lifetime, so far as Claude B. Gilchrist is concerned, the said brothers and sisters of the said Claude B. Gilchrist, the Amanda Gilchrist, hereby consent that the said Claude B. Gilchrist shall have the remaining forty acres of land standing in the name of John W. Gilchrist at the time of his death; and the aforesaid and the undersigned brothers and sisters of the said Claude B. Gilchrist hereby bind themselves to execute to him on demand a good and sufficient deed to the said forty acres of land.

"5. It is agreed that Amanda Gilchrist will execute to Otto B. Gilchrist a deed to another forty acres of land standing in her name and derived from said John W. Gilchrist, pursuant to the understanding with him. This 40 acres, more or less, consists of the lower end of Willis place lying W of Fletcher Ferry Road."

It is then averred that, after the filing of this agreement in the probate court, the administratrix has taken no further steps looking to the administration of the estate, has filed no inventory, that by such agreement the estate is to be divided among the parties thereto, and, if carried out, these complainants will receive no part of the estate.

The bill then alleges the execution of the four mortgages of $1,500 each to the decedent by the children named in the agreement, describes the mortgaged lands, alleges they were executed about the year 1922, that none of them have been paid, and no better description of such mortgages is known to complainants, except the one of record, whose terms are set out in amendment to the bill. It is further averred by amendment that "Notwithstanding the indebtedness secured by said mortgages is past due and unpaid, is denying that said mortgages are assets of the estate, or that the mortgagees are indebted to the estate of the said John W. Gilchrist," and "that the said Amanda Gilchrist and the other respondents have conspired among themselves and with each other and are denying that complainants' father, Matt Gilchrist, was a son of J. W. Gilchrist."

The prayer is: " * * * That a temporary injunction enjoining and restraining the said defendants from marking the said mortgage from Elsie Johnson to John W. Gilchrist satisfied of record, and enjoining and restraining the said Claude B. Gilchrist, W. K. Gilchrist and V. P. Gilchrist from selling mortgaged land so that it may not get into the hands of an innocent purchaser; that the court take jurisdiction of the estate of Jno. W. Gilchrist, deceased, and enter an order of decree removing the same from the Probate Court of Morgan County, Alabama, into this Honorable court; that the court cancel

the said agreement entered into by the defendants and require said estate to be administered in an orderly and legal manner according to the practices of this court; that if necessary for the collection of the indebtedness due from said defendants to said estate, that the aforesaid mortgages, be foreclosed; that the distributive shares of the complainants in the estate of the said Jno. W. Gilchrist be ascertained and fixed by the court, and it be decreed that the amount so fixed be paid to them."

The following prayer was added by amendment: " * * * That the Court render a decree barring and foreclosing all of the Equity of Redemption of the defendants to the land as described in said mortgages and order and decree that the Register of this Court shall sell the said land in satisfaction of said mortgage indebtedness and retain the proceeds thereof to be administered by this Court during the progress of the administration of the said estate of the said John W. Gilchrist and for distribution among his heirs and distributees."

There is a prayer for such "other, further, different or additional relief" as complainants may be entitled to in the premises.

The appeal is from a decree overruling demurrers incorporated in the answers to the bill as amended.

■ Without question, complainants, if heirs and distributees of the estate, and assets exist in which they are entitled to share, have a right to remove the administration into the court of equity, without alleging special equity.

■ The family agreement, ignoring them as such heirs and distributees, in the event such assets exist, is, on its face, invasive of their rights, and is due to be canceled as to them.

■ The averments of the bill are sufficient to show the existence of such assets consisting of indebtedness due from the children of decedent to his estate, evidenced by mortgages on real estate. It follows complainants are entitled to have the estate administered and settled, in so far as to ascertain their respective interests, and to provide for payment of same.

■ A court of equity, following its own rules of procedure in the enforcement and administration of trusts, molds the relief to meet the particular equities of the situation. Code, § 6476. The substantive law governing the subject-matter and the parties is given effect. Castleberry v. Hollingsworth, 215 Ala. 445, 111 So. 35.

■ The beneficiary of an estate is entitled to proceed in equity to conserve and recover his interest in the estate. He cannot be required to surrender his property interest for a mere right of action on the administrator's bond.

This does not mean the heir may assume the role of administrator, but that he may invoke the protection of a court of equity, to the end that an orderly administration and accounting be had in so far as required to protect his rights, and this by the most direct and least expensive route which the court of equity, proceeding according to its own practice, may adopt.

■ The bill was not prematurely filed, because the statutory period for final settlement had not elapsed. The bill to remove the administration into equity, to cancel the family agreement, and conserve the assets, was properly filed any time after administration granted.

In such case, the further proceedings prayed for are to be had as time and occasion require.

■■ It is a familiar rule that the administrator, vested with title to personal assets, must sue therefor; that, in general, the heir or distributee cannot bring such suits. This includes suits to foreclose mortgages due the estate. 23 C. J. p. 1142, § 342; 42 C. J. p. 44.

■ An exception, however, is recognized where the administrator has assumed an antagonistic position to the heir, sided with the debtor, and entered into undertakings which incapacitate him, or present obstacles to a suit by him. Dugger v. Tayloe, 60 Ala. 517; Trotter v. Mutual Reserve Fund Life Ass'n, 9 S. D. 596, 70 N. W. 843, 62 Am. St. Rep. 889; Hillman v. Young, 64 Or. 73, 127 P. 793, 129 P. 124; 24 C. J. 796.

■ In this case, the general equity of the bill rests on other grounds, and the prayer for foreclosure may be treated as one for incidental relief to be granted, if and when occasion arises.

For this reason, this is not a case of several distinct foreclosure suits in one; suits against separate and unrelated debtors.

There is a unity and singleness of purpose in the bill. The mortgagees are parties by virtue of their connection with the main equity asserted, and foreclosure proceedings may be had, if essential to complete an effectual relief.

The demurrers were properly overruled.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.