173 So. 82

### HALE et al. v. COX.

### 7 Div. 407.

Supreme Court of Alabama.

March 11, 1937.

574

Reed & Reed, of Centre, and O. R. Hood and Roger C. Suttle, both of Gadsden, for appellee.

Motley & Motley, of Gadsden, for appellants.

GARDNER, Justice.

Complainant is an heir of Johnson B. Hale who died in November, 1925, leaving a last will and testament in which his widow was appointed executrix without bond, and relieved from accounting as to the administration to any court. Complainant successfully interposed a contest of this will in the equity court, and the decree in her favor was here affirmed. Hale v. Cox, 231 Ala. 22, 163 So. 335.

The administrator was subsequently appointed, on whose petition the administration of the estate was removed into the

equity court. Thereupon complainant filed the present bill as an auxilliary proceeding in aid of, and in no manner impeding the administration of the estate, which estate, it is alleged, owes no debts. Hinson v. Naugher, 207 Ala. 592, 93 So. 560.

The bill discloses that the estate consisted of much real and personal property, possession and control of which has been under the widow for many years, and a description of which is unknown to complainant; that the personal property has been sold, rents collected, moneys of the estate used, valuable timber from the lands sold, and the proceeds of all used and dissipated by the widow in collaboration with the children of decedent, parties defendant, as they reached the age of majority.

Complainant has received nothing from the estate, and seeks a sale of the property for partition or division among the heirs after the homestead and dower rights have been properly ascertained and protected.

The bill seeks an accounting, and in aid of the relief sought, likewise a discovery. Fiduciary relations are shown with a duty to account. Marx v. Marx, 226 Ala. 684, 148 So. 418; First National Bank v. Bradley, 223 Ala. 22, 134 So. 621. And its averments also suffice to show a right of complainant for a sale of the property for division among the joint owners.

The matter of division of the property and accounting for that consumed or dissipated constitute the primary purposes of the bill, and these independent equities suffice for its maintenance. Discovery is incidental and auxiliary merely.

If the equity of the bill rested upon discovery alone, verification was essential, but the bill containing an independent equity with discovery merely incidental, no verification is required, nor are the allegations necessary to support an independent bill for discovery required in a bill of this character. Shelton v. Timmons, 189 Ala. 289, 66 So. 9.

The authorities relied upon by appellants have reference to bills for discovery alone, and are inapplicable.

And as to complainant's right to file the bill, the case of Hopkins v. Crews, 220 Ala. 149, 124 So. 202, 203, cited by appellants, is readily distinguishable. There debts were due by the estate, as the opinion is careful to note, and the relief sought would in effect displace entirely the administration, the court saying: "The purpose of the bill, and its practical effect, is to supersede and take the place of the administration of the estate, and, if entertained, would paralyze and render useless that proceeding." In principle, this holding was approved in Ex parte Stephens, ante, p. 167, 170 So. 771, and that of Nelson v. Atkins, 215 Ala. 88, 109 So. 882, differentiated.

Here, there is no interference with the administration of the estate, but the bill is merely in aid thereof, and looks to a division among the heirs, in whom the title vests, and who are, of course, primarily interested, as the rights of no creditors are involved. The case is brought within the influence of Nelson v. Atkins, supra; Hinson v. Naugher, supra, and Henderson v. Stinson, 207 Ala. 365, 92 So. 453.

The demurrer is addressed to the bill as a whole, and under the uniform rulings of this court if the bill in any aspect contains equity, the demurrer should be overruled. Roberts v. Ferguson, 226 Ala. 594, 147 So. 894; First National Bank v. Forman, 230 Ala. 185, 160 So. 109.

What has been said suffices in our opinion as to the equity of the bill, and it follows the decree overruling the demurrer is due to be here affirmed. It is so ordered.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.