181 So. 256

**FAULK v. MONEY et al.**

**4 Div. 22.**

Supreme Court of Alabama.

May 12, 1938.

Mulkey & Mulkey, of Geneva, for appellant.

Carmichael & Tiller, of Geneva, for appellees.

GARDNER, Justice.

The bill is by the heirs at law of Henry Thomas Money, deceased, against the administrator of his estate, who is alleged to be insolvent, the surety on his bond, and T. S. Faulk, who is sought to be held to account for funds received as the proceeds of an insurance policy held by him as a creditor of decedent.

An administration of an estate is an administration of a trust in whatever court the proceedings are pending. Keith & Wilkinson v. Forsythe, 227 Ala. 555, 151 So. 60.

The averments of the bill suffice to show the administrator guilty of a conversion of this insurance fund, and for any loss occasioned thereby he and the surety on his bond are accountable as ·for a devastavit, and that Faulk is accountable as a trustee in invitum. Boutwell v. Drinkard, 230 Ala. 212, 160 So. 349.

There is here unity of subject matter—the proper administration of the estate now pending in the equity court—and there is clearly nothing presented which renders the bill objectionable on the grounds of multifariousness. Wilkinson v. Wright, 228 Ala. 243, 153 So. 204; Seay v. Graves, 178 Ala. 131, 59 So. 469; Baker v. Mitchell, 109 Ala. 490, 20 So. 40; Dillard v. Gill, 231 Ala. 662, 166 So. 430.

Nor is there merit in the suggestion there is an adequate remedy at law as against defendant Faulk. Admittedly the allegations of paragraph 5 of the bill suffice to show the necessity for and the right to an accounting between Faulk and the decedent's estate. First National Bank v. Bradley, 223 Ala. 22, 134 So. 621; Lindsey Co. v. Mason, 165 Ala. 194, 51 So. 750; Hale v. Cox, 233 Ala. 573, 173 So. 82; American-Traders' Bank v. Henderson, 222 Ala. 426, 133 So. 36; Keeble v. Jones, 187 Ala. 207, 65 So. 384.

But it is insisted these complainants are without right to maintain the bill, as the recovery of assets belonging to the estate is the right and duty of the administrator and not of the heirs. The averments of the bill, however, bring the case within the exception to that rule, as it shows the administrator, who is insolvent, is in collusion with defendant Faulk as to these funds, and has assumed an antagonistic position to the heirs. Such an exception was recognized in Dugger v. Tayloe, 60 Ala. 504, and Gilchrist v. Gilchrist, 223 Ala. 562, 137 So. 406.

It is suggested that it is necessary an administrator ad litem be appointed to represent the estate. 'Section 6057, Code 1923. This statute was originally adopted so as to confer jurisdiction on the probate court to make settlements when the difficulty mentioned in the statute existed, and to obviate the necessity of a resort to a court of equity, which 'latter court, without the aid of any statute on the subject, had inherent power and jurisdiction to make settlements of estates in such cases. Ex parte Baker, 118 Ala. 185, 23 So. 996.

Here all parties in interest are before the court, the administrator and his surety, the heirs of the estate, and Faulk with whom an accounting is sought. The equity court, following its own rules of procedure in the enforcement and administration of trusts, moulds the relief to meet the particular equities of the situation, protective of the rights of all parties. Gilchrist v. Gilchrist, supra; section 6476,

72

Code 1923; Castleberry v. Hollingsworth, 215 Ala. 445, 111 So. 35.

The case of Ex parte Baker, supra, is authority to the effect the bill does not disclose any necessity for the appointment of an administrator ad litem, and this suggestion is of consequence without merit.

The bill in some respects resembles that of Hale v. Cox, supra, as one in aid. of the proper and complete administration of the estate, and not as an interference therewith.

The bill has equity, and the demurrer thereto was properly overruled. And the equity of the bill is unaffected by the averments found in the fourth paragraph relating to the failure of defendant Faulk to file a valid claim against the estate. Holding security for his debt, the failure to file a claim against the estate does not affect the matter of the preservation of his lien on the funds. Such a filing is only necessary when such a creditor seeks a charge against the intestate's general estate. Traweek v. Hagler, 199 Ala. 664, 75 So. 152.

There is, however, no demurrer addressed to this feature of the bill, and the rule obtains that a demurrer addressed to the bill as a whole, which in any aspect contains equity, is properly overruled. Hale v. Cox, supra.

It results that the decree appealed from is due to be affirmed. It is so ordered.

Affirmed. .

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.