3 So.2d 7

**DUDLEY v. MARTIN et ux.**

6 Div. 845.

Supreme Court of Alabama.

May 29, 1941.

Rehearing Denied June 30, 1941.

Hiram Dodd, of Birmingham, for appellant.

Wm. Alfred Jacobs, of Birmingham, for appellees.

GARDNER, Chief Justice.

The bill is by the father and mother of Rachel Dudley who died in May, 1940, leaving an estate of both real and personal property. Defendant Albert N. Dudley, the husband of Rachel, was duly appointed and qualified as administrator of her estate, the administration of which was pending in the probate court without any application therein for either partial or final settlement.

Under the averments of the bill these complainants are distributees of said estate and as such are given the right, as is prayed in the bill, without assigning any special equity, to have the administration removed into the equity court. § 6478, Code 1923, Title 13, § 139, Code 1940. Kelen v. Brewer, 221 Ala. 445, 129 So. 23. The bill, therefore, has equity, and the demurrer being addressed to the bill as a whole was properly overruled. Hale et al. v. Cox, 233 Ala. 573, 173 So. 82; Roberts et al. v. Ferguson, 226 Ala. 594, 147 So. 894.

But otherwise considered, the objections urged in argument to special features of the bill are not well founded. True, as defendant's counsel insists, good pleading requires complainants to disclose with clearness and certainty all matters essential to their right to relief. Walker et al. v. Harris, 238 Ala. 176, 189 So. 746. But here complainants unlearned and ignorant of their rights have shown not only confidential relationship existing between the parties (Hale et al. v. Cox, supra), but they have also alleged with clearness and certainty the fraudulent representations by which defendant is charged with having obtained their signatures to a conveyance to him of their interest in the estate of their deceased daughter, all without valuable consideration. The fraud alleged, as found in paragraphs 6, 7, 8 and 9 of the bill, is sufficient to vitiate the transaction. Shepherd v. Kendrick et al., 236 Ala. 289, 181 So. 782; Bullard Shoals Mining Co. v. Spencer, 208 Ala. 663, 95 So. 1; Mayo v. Ford, 220 Ala. 426, 125 So. 684.

The matter of discovery is, of course, proper as incidental to the relief sought. Hale et al. v. Cox, supra. But further discussion is unnecessary. The decree is due to be affirmed, and it is so ordered.

Affirmed.

BOULDIN, FOSTER and LIVINGSTON, JJ., concur.