38 So.2d 580

PINCKARD v. LEDYARD.

6 Div. 779.

Supreme Court of Alabama.

Jan. 20, 1949.

Rehearing Denied Feb. 17, 1949.

Drennen & Drennen, of Birmingham, for appellant.

Thos. B. Hill, Jr., Jas. J. Carter and Hill, Hill, Stovall & Carter, all of Montgomery, for appellee.

FOSTER, Justice.

This is an appeal from a decree sustaining a demurrer to a bill as amended, and dismissing it.

The bill is filed by Thomas L. Pinckard, one of two beneficiaries in a trust, against the trustee and the other beneficiary Mary C. Pinckard Isom. The other beneficiary has also made appearance and filed demurrer. After the bill was amended, she took no further interest in the litigation and has not appeared on the appeal.

The two beneficiaries were the only children of Lucy L. Pinckard, whose husband had died and left to her by will an estate valued at about $200,000.00. She died April 28, 1929; and left a will dated August 31, 1928, as amended by codicil dated November 15, 1928. They were probated as her will. The questions here raised relate to the effect of this will and codicil of Mrs. Lucy L. Pinckard. It is not ambiguous or uncertain in its meaning.

It provides for a trust including all of the estate. Appellant and Mary C. Pinckard Isom were named as sole beneficiaries except on a contingency, not necessary to consider now.

At the time of the execution of the codicil, appellant was approximately twenty-one years old (and Mary C. Pinckard was nineteen), and at the time of the death of testatrix he was twenty-two and Mary C. Pinckard (Isom) was twenty years old. The income was to be disposed of as provided in Item II(b) of the codicil, and (c) of the original will (which appear in the report of the case). None of the corpus is alleged to have been distributed as there provided.

Item II(d) as amended by the codicil is as set out in the report of the case.

October 13, 1937, therein mentioned, is alleged to be appellant's thirtieth birthday. Both appellant and Mary C. Pinckard (Isom) are still living.

The bill contains allegations as set out by the reporter.

The bill was amended several times after demurrer was sustained, and finally dismissed.

The principal contention of appellant is his right to be paid one-half of the corpus and unexpended income and interest.

As we have said the codicil changed paragraph (d) of Item II, which had made provision for a distribution as soon after October 13, 1937, as practicable, so that each of the children would have one-half of it. But under the codicil, as appears from its terms, the distribution was not mandatory until the death of the survivor of the two children. And between October 13, 1937, and the death of the survivor, the trustee was given absolute power and discretion to pay over and deliver to either, one-half of the estate in trust. (Not now emphasizing certain contingencies, which have not occurred.) But should not do so unless convinced that it would be to the best interest of the person in whose favor such discretion and power is so exercised.

We have set out the allegations of the bill which appellant contends are compelling that the trustee should at this time make such distribution so far as he is concerned.

The issue is therefore directly presented, not to interpret *an ambiguity* in a will, for there is none, but whether under its terms in the light of the facts alleged in the bill, a failure to make distribution to appellant of one-half of the estate is an arbitrary abuse of discretion on the part of the trustee, not exercised in good faith, and therefore a court of equity should order such distribution to be made by the trustee.

But a legatee or beneficiary of a trust may ordinarily come into equity to enforce payment to him by a refractory trustee. Huckabee v. Swoope, 20 Ala. 491; Wilson v. Knight, 18 Ala. 129; Sanderson v. Gabriel, 246 Ala. 493, 21 So.2d 256; Gilchrist v. Gilchrist, 223 Ala. 562(5), 137 So. 406; 65 Corpus Juris 890, section 787.

Such is the special prayer for relief. Whether the bill is sufficient to justify that relief may be raised by demurrer. There is a somewhat different rule on demurrer when the bill seeks a declaratory

judgment. Alabama State Milk Control Board v. Graham, 250 Ala. 49, 33 So.2d 11; Fillmore v. Yarbrough, 246 Ala. 375, 20 So.2d 792.

The relief sought to the extent of a distribution to appellant of one-half of the estate is controlled principally by Item II (d) of the codicil, which changed that feature of the original will. It is plainly stated that the distribution to appellant before the death of the survivor of the two beneficiaries is in the "absolute power and discretion" of the trustee, but he shall not do so unless *he is convinced* that it is to the best interest of such beneficiary.

■ That is the delegation of a decision to the judgment of the trustee, in which is prescribed one of the standards by which he is to be controlled. Under such circumstances, the decision of the trustee is conclusive when done in the exercise of good faith, and in the absence of fraud or the failure to observe the principles of fair play. Sanderson v. Gabriel, 246 Ala. 493, 21 So.2d 256; Peach v. First National Bank of Birmingham, 247 Ala. 463, 25 So.2d 153.

By the codicil the distribution of the corpus is not mandatory until after the death of the survivor of the two beneficiaries. If both leave descendants then living, it is to be divided one-half to each class. If one of them has then no descendants living, the whole is to go to the living descendants of the other. If neither of them have descendants then living, a gift over is provided by which the trustee J. P. Ledyard, a brother of testatrix, is benefited. No fraud is alleged on the basis of his contingent interest. The bill does not allege whether either or both beneficiaries have descendants living at this time. If either has such children, they, or their descendants, have a contingent interest in the estate, dependent upon being alive at the time specified for distribution, and a failure of the trustee to make distribution before that time.

■■ On demurrer to the bill the presumption is against the complainant. We presume therefore that one or both have descendants, who have such contingent interest. The question then is what should

influence the trustee in exercising his judgment to deprive them of that interest by presently disposing of the estate. The will says it shall not be done unless it is to the best interest of the present beneficiary to do so, and that shall be determined by the trustee, not a court of any sort. The refusal of the trustee to make the distribution to appellant on his demand, is an exercise of that determination by him. There are not shown any facts which justify an allegation of fraud or bad faith in making that decision, and no such allegation is made. It should not therefore be disturbed.

■ As we have said, the bill also prays for a direction to the trustee to file a report of his acts and doings as such trustee, and a statement and schedule of the assets that have come into his possession together with all receipts and disbursements, and to render an accounting, and for general relief. It does not pray for a larger allowance to appellant for his comfortable maintenance and support. However that is also left by the will to the judgment and discretion of the trustee, and his decision is controlled by like principles. Peach v. First National Bank of Birmingham, supra; Clarke v. Clarke, 246 Ala. 170, 19 So.2d 526; Strawn v. Caffee, 235 Ala. 218, 178 So. 430.

In respect to the prayer for reports, schedules, receipts and disbursements, we observe that Item V of the will is pertinent. (This Item is set out in the report of the case.)

The bill does not pray for an order for the inspection of the books and accounts of the trustee, but prays for a schedule of the assets, receipts and disbursements. This is exempted by Item V of the will, supra, except by degree or specific order of court "for good cause shown."

The executor and trustee under the will are blended in one person. The estate has not been removed into equity, Title 13, section 139, Code, and the probate court has a limited power when there is such an active trust, Hinson v. Williamson, 74 Ala. 180, 183; Burch v. Gaston, 182 Ala. 467, 62 So. 508, enlarged in Jefferson County by

654

Act July 10, 1940, Acts 1939, page 1000, Title 62, section 181(1), Pocket Part.

■ "Ordinarily trustees must account upon annual settlement with the court of chancery as to the management and situation of the estate." Wilson v. Knight, 18 Ala. 129. The will in the instant case undertakes to relieve the trustee of that duty, except for good cause shown. Prior to the effective date of Title 61, section 190, as well as the Act of September 24, 1919, Gen. Acts 1919, page 566, Code 1940, Tit. 61, § 316, this Court held that an exemption in the will relieved an executor-trustee from the absolute duty of making annual settlements in the probate court at the instance of a beneficiary in the trust, even though that court might so require otherwise,—section 2666, Code of 1907, Title 61, section 293, Code; but that the exemption would not prevent a court of chancery from making such requirement when the trustee was unfaithful, and it was necessary to do so to obtain a faithful administration of the estate. Burch v. Gaston, 182 Ala. 467, 62 So. 508. Indeed, it seems to be the prevailing view that such exemption, not affected by statute, is controlling in so far as it affects partial or annual settlements in the probate court upon those who take under the trust instrument, and is also controlling in equity unless unfaithfulness or fraud or unfairness is shown. 171 A.L.R. 631; Sellers v. Sellers, 35 Ala. 235.

Section 2686, Code of 1907, provided for settlements to be made when required by citation. The Act of September 24, 1919, supra, amended it so as to provide for such settlements "notwithstanding any provision in any will or other instrument to the contrary". That was carried into the Code of 1923 as section 5919. It apparently was intended to modify the rule laid down in Burch v. Gaston, supra. And while it was in effect, this Court in Wright v. Menefee, 226 Ala. 55, 145 So. 315, held that notwithstanding such an exemption in a will a *final settlement* could be required under the 1919 Act, supra. That case was not affected by section 5803, Code of 1923, Title 61, section 190, Code, because that code was not in effect. The adoption of the Code of 1923 made effective section 5803 as well as 5919, supra. The insertion of section

5803 in the Code of 1923 must have been intended to modify section 5919.

Section 5803, supra, Title 61, section 190, Code, permits an exemption by will of an executor from making a *final settlement* (as well as other proceedings here operative), except when a certain one's interest will be endangered for want of security, or the estate is likely to be wasted. Those exceptions were taken from section 97, Title 61, Code, as pointed out in Wright v. Menefee, supra. Section 316, supra, has no exception.

■ It is not our purpose to try to reconcile section 190, supra, with section 316, Title 61. They seem to conflict. But they are not controlling in equity, see, Title 13, section 138, Code; Gilchrist v. Gilchrist, 223 Ala. 562(4), 137 So. 406; Castleberry v. Hollingsworth, 215 Ala. 445, 111 So. 35; Faulk v. Money, 236 Ala. 69, 181 So. 256, and the exemption in the instant will has a limitation such as is available in equity without it. In a court of equity the principle prevails that when a will exempts the trustee of an active trust from making reports and inventories, and annual settlements, such exemption is operative and effective during the continuance of the trust against one holding under the will, in the absence of allegation and proof of unfaithfulness, fraud or some other form of waste or insecurity, as declared in Burch v. Gaston, supra, and 171 A.L.R. 631.

■ We are here dealing with an effort in equity by a beneficiary under the trust instrument to require an inventory and partial settlement during the continuance of an active trust, in which the trustee is relieved of doing so, except "for good cause shown," and in which no fraud or unfaithfulness is alleged, and no danger of waste or "want of security" is shown or alleged, and no "good cause shown". No such right exists.

■ The bill is without equity in respect to any relief sought. It was dismissed after several amendments. This was presumably at a regular call of the docket when the court was sitting, and no request appears for further amendment. There is no error manifest in dismissing the

bill under those circumstances when a demurrer is again properly sustained. Lee v. Gaines, 244 Ala. 664, 15 So.2d 330(5).

Affirmed.

LAWSON, SIMPSON and STAKELY, JJ., concur.