190 So.2d 544

**Ex parte Bernelle GARNER.**

**6 Div. 279.**

Supreme Court of Alabama.

Aug. 25, 1966.

Rehearing Denied Sept. 22, 1966.

Jas. L. Shores, Jr., Birmingham, for petitioner.

Macbeth Wagnon, Jr., and Bradley, Arant, Rose & White, Birmingham, for respondent.

**PER CURIAM.**

This is a petition for mandamus to Hon. Whit Windham, Judge of the Circuit Court, Jefferson County, seeking a writ requiring respondent to vacate an order transferring a case at law to the equity side of the court.

Petitioner, as plaintiff, brought suit against C. F. Wittichen and others "as Trustees of the Wittichen Chemical Company, Inc. Employees Profit-Sharing Retirement Trust". The complaint contains a common count for money had and received, and a count for breach of contract, each claiming the sum of $17,000.00. The latter count bases the alleged breach upon these facts: Effective January 1, 1951, Wittichen Chemical Company, Inc. entered into a written agreement with C. F. Wittichen, Jr., and two others (therein named), "as Trustees for the establishment of the Wittichen Chemical Company, Inc. Employees Profit-Sharing Retirement Trust", wherein it was provided that as a reward for long and loyal service of the employees of the company it agreed to pay each year a portion of its profits to the trustees of said trust for the creation of a trust fund for the use and benefit of the employees. Thereafter the company did make such payments from its profits to the trustees for the years 1951 through 1963, inclusive, and

a portion of said payments was credited to the account of the plaintiff during the continuation of her employment by the company from January 1, 1951 through January 31, 1963. On January 31, 1963, there was an involuntary severance of the plaintiff's employment by the company and despite demands made by plaintiff upon defendants they have breached and continued to breach the terms of said agreement in that they have failed and refused to pay to plaintiff that proportion or share of the trust fund to which she is entitled.

In due course, defendants filed a verified motion to transfer the cause to equity pursuant to § 153, Title 13, Code 1940. As grounds of the motion defendants assert that the complaint shows on its face that defendants are sued only in their capacities as trustees of said Employees Profit-Sharing Retirement Trust, and that all the relief sought by plaintiff in this action is claimed under and by virtue of the trust and that the granting of such relief would require the performance by said defendants of affirmative acts as trustees of the trust.

The motion makes as exhibit thereto and as a part of the motion the agreement between the company and the trustees by the terms of which the trust was established. Additionally the motion specifies the several grounds of defendants' defense to the plaintiff's suit. We will not reproduce here the several asserted defenses. Sufficient to say that the substance of the motion to transfer is that defendants rely upon the terms and provisions of the trust agreement, which will necessarily have to be construed by the court, that equitable questions are involved, the decision of which should dispose of the cause and which cannot be disposed of on the law side.

■ Upon examination of the pleading and the trust agreement upon which the suit is based, we are in agreement with the conclusion reached by the trial court, the respondent here. No contract is shown to have existed between the defendant trustees and the plaintiff. No interest on the part of defendants is shown other than that of trustees. It appears that during the period involved there were 44 employees beneficially interested in the trust and its administration.

■ Whatever right plaintiff, petitioner, has is that of cestui que trust, dependent upon construction of the trust. Trusts are of equitable cognizance and the creation and terms of a particular trust present issues of fact which are purely equitable. Morris v. Southern Realty and Const. Co., 203 Ala. 600, 84 So. 809; Henderson v. Henderson, 210 Ala. 73, 97 So. 353; Bellamy v. Pitts, 214 Ala. 467, 108 So. 327; City Bank & Trust Co. v. Garnder, 225 Ala. 136, 142 So. 535; Snellings v. Builders Supply Co., 228 Ala. 47, 152 So. 459; Pinckard v. Ledyard, 251 Ala. 648, 38 So.2d 580.

It results that the petition for mandamus should be denied.

Writ denied.

LIVINGSTON, C. J., and SIMPSON, MERRILL and HARWOOD, JJ., concur.

On Application for Rehearing

PER CURIAM.

■ Counsel for petitioner charges that our original opinion, supra, is "superficial", and requests "The Court to delineate its reasoning for determining on the one hand that the instrument in question is a trust and not a contract, and on the other that petitioner's remedy is limited to a court of equity". Two cases are cited to support the contention that the instrument involved is a contract and not a trust. The first of these, Siegel v. First Pennsylvania Banking and Trust Co., 201 F.Supp. 664 (E.D. Pa.1961) was a suit upon an incentive bonus and retirement plan by a former employee against the trustee. The controverted question was whether the "Plan" was a contract. The federal court held that the plan

constituted a contract. Overlooked by counsel in the case at bar is the provision in the Siegel plan or agreement that *"the interest of each participant becomes vested in him after ten years of participation in the Plan"*. (Italics supplied.)

The other case, Dunn v. Ponceler, 230 Ala. 375, 161 So. 450, is relied upon in support of the proposition that the instrument in suit is not a trust for the reason that it does not fall within the definition of a trust "where the legal estate is in one person and the equitable estate is in another", etc. In that case plaintiffs in ejectment styled themselves "executrices and trustees" under a will. The testator attempted to create a trust in his property consisting of several tracts of land for the benefit of his widow and daughter and at the same time made the beneficiaries the trustees. We said this could not be done without merging the estates, legal and equitable, in the beneficiaries—quoting from 26 R.C.L., p. 1168, § 1. We held the attempted trust to be void. *That case is in no wise analogous to the case at bar.*

On the second objection, that we have held in effect that in matters involving a trust the remedy is alone in equity. This is a misconception. In 90 C.J.S. Trusts § 454, there is found an accurate statement of the general rule:

"The law is well settled that a court of equity has jurisdiction of all questions relative to the establishment, enforcement, and protection and preservation of a trust on real or personal property * * *.

"* * * all trusts are within equity's jurisdiction, whether express or implied, and irrespective of whether they are either direct or constructive, created by the parties or resulting by operation of law. * * *

"Jurisdiction to establish and enforce a trust, particularly in cases of a strict trust, is original and inherent in a court of equity * * *."

Many of our cases are cited in support of this text. Among them the cases listed in our original opinion and, among others, Gilmer v. Gilmer, 245 Ala. 450, 17 So.2d 529.

This is not to say that in no case may relief be had in a court of law. An examination of our cases involving the transfer of cases from law to equity under the statute (Title 13, § 153, Code) will reveal that the question involved and decided has been whether or not a decision on the equitable question asserted would dispose of the case and which could not be disposed of in the law side of the court. As sustentive of the order of transfer we thought it enough, having concluded that the instrument involved was in the nature of a strict trust, to state the rule that a court of equity has inherent jurisdiction to apply and enforce it. Thus we could not and would not hold the lower court in error in granting the motion to transfer.

The statute is remedial and will be liberally construed to effectuate its purpose. Ballentine v. Bradley, 236 Ala. 326, 182 So. 399. In our judgment the circuit court, acting upon the motion, answer and exhibits before him, properly granted the motion to transfer.

Opinion extended and application for rehearing overruled.

LIVINGSTON, C. J., and SIMPSON, MERRILL, and HARWOOD, JJ., concur.